In re NORTH AMERICAN MARKETING CORPORATION, INC., d/b/a Dollar Rent-A-Car, Debtor-in-Possession.

NORTH AMERICAN MARKETING CORPORATION, INC., d/b/a Dollar Rent-A-Car, Debtor-in-Possession, Plaintiff,

v.

NATIONAL BANK OF FLORIDA, a national banking association, J.T. Haley and Theodore M. Goldberg, Defendants.

Bankruptcy No. 81–01698–BKC–JAG.
Adv. No. 82–0124–BKC–JAG–A.

United States Bankruptcy Court,
S.D. Florida.

June 23, 1982.

J.T. Haley, c/o Britton, Cohen, Kaufman, Benson & Schantz, Miami, Fla., for defendants.

David Dittmar, c/o Gitlitz, Keegan & Dittmar, P.A., Miami, Fla., for plaintiff.

## MEMORANDUM DECISION

JOSEPH A. GASSEN, Bankruptcy Judge.

North American Marketing Corporation ("North American"), the herein Debtor-in-Possession in this Chapter 11 case, brought an adversary proceeding against National Bank of Florida ("National Bank"), seeking to recover as property of the estate, a supersedeas bond which it had posted prior to bankruptcy. The bond was posted to stay the execution of a state judgment against North American in favor of National Bank which was the result of an action brought in the Circuit Court of Dade County, Florida. The bond allowed North American to prosecute an appeal of an adverse ruling as to a third party claim in the same state court action. North American did not appeal the judgment in favor of National Bank. The bond was funded in the form of a Money Market Certificate, drawn in the name of Theodore M. Goldberg and J.T. Haley, attorneys for North American and for National Bank respectively, as trustees. J.T. Haley and Theodore Goldberg, trustees of the Money Market Certificate, were named Defendants in the present adversary proceeding.

The appeal as to the third party claim was completed in October, 1981. In that same month, on October 20, 1981, North American filed its voluntary petition under Chapter 11 of the Bankruptcy Code. Over the objection of North American to the release of the bond and to its transfer to National Bank on grounds that the automatic stay provisions of the Bankruptcy Code prohibited such transfer, the State Court Judge concluded that the Money Market Certificate, which was pledged in trust to benefit National Bank, was neither legally nor equitably owned by North American, and entered an order releasing the bond and authorizing the trustees to endorse the Money Market Certificate to National Bank in satisfaction of the judgment.

Before that court order could be acted upon, North American filed this adversary proceeding alleging that the bond is property of the estate, seeking injunctive relief from this Court to enforce the stay provision of 11 U.S.C. § 362 and to prohibit the release of the bond to National Bank.

National Bank and Haley filed a Motion to Dismiss the Complaint, asserting that the supersedeas bond did not constitute property of the estate as defined by 11 U.S.C. § 541, that the stay provisions were not applicable, and that, therefore, the Complaint should be dismissed for lack of jurisdiction. The bank asserted further in its Motion to Dismiss that any application or enforcement of the automatic stay provisions of the Bankruptcy Code to countermand the State Court Order authorizing transfer of the funds would constitute an injunction against the State Court, an act which was beyond the power of the Bankruptcy Court by the express prohibitions of 28 U.S.C. § 1481. The matter was set for trial on April 13, 1982. Cross Motions for Summary Judgment were filed, briefed and argued on stipulated facts and exhibits.

The Complaint requires determination of whether the bond constitutes property of the estate and invokes the stay provisions of 11 U.S.C. § 362. This Court has jurisdiction to hear and determine this case.

The single issue to be decided by the Court is whether a supersedeas bond, which was posted by the Debtor several months prior to bankruptcy in the form of a Money Market Certificate drawn in the name of two attorneys as trustees for the Debtor, creates in the Debtor a sufficient property interest in the bond to prohibit its release to the judgment creditor and to recover the funds as property of the estate.

The Court finds and concludes that the supersedeas bond is not an asset of the estate and that the trustees of the bond, Haley and Goldberg are not stayed from

carrying out the State Court Order and endorsing the funds over to National Bank.

North American argues that the Money Market Certificate creates a trust; that because the Certificate is issued to Haley and Goldberg as Trustees for North American, the instrument on its face expressly vests legal title in North American, bringing the bond within the definition of 11 U.S.C. § 541 as property of the estate. North American urges the Court to look at the plain and unambiguous language on the face of the instrument and to determine as a matter of law that the written instrument creates a trust, with North American, the Debtor, as the named holder of the legal interest. Moreover, North American points to the fact that it would be entitled to a refund of any surplus over the original value of the Certificate remaining at the time the Money Market Certificate was finally negotiated, as further evidence of North American's contingent interest in the bond.

However, to reach a conclusion that the Money Market Certificate creates a trust is to exalt form over substance. The State Court pleadings show that the Certificate was created to serve as a supersedeas bond to stay the execution of a judgment in favor of National Bank against North American. The express intention of the parties was to file the Money Market Certificate to fund the bond. Both parties agreed at the time of posting that the Money Market Certificate was a convenient mechanism for posting the supersedeas bond, and authority was obtained from the State Court to file the Money Market Certificate in lieu of bond. North American does not contest the validity or purpose of the bond. Consequently, the instrument itself must, of necessity, incorporate within it all of the legal force and effect of a good and sufficient bond, including a condition to pay or comply with the Order in full.

When the bond was posted by North American in February of 1981, the intended beneficiary of the fund was National Bank, the prevailing party in the State Court action. No appeal was ever taken for the judgment entered in favor of National Bank to challenge its right to the funds. North American had no expectation of ever recovering the funds which constituted the bond, nor could North American have ever obtained return of the Money Market Certificate without first paying the judgment of National Bank. Moreover, North American posted the bond more than 90 days prior to its filing its petition in bankruptcy; the actual transfer of the property thus took place well outside any preference period under the Code.

Section 541 is not intended to expand a debtor's right or interest in property. Yet, the turnover of proceeds of the bond to North American would have the result of creating an interest in property in the debtor which did not exist at the commencement of the case. Section 541 includes in the estate all interests which the debtor has in property; this is not the same as all property in which the debtor has any interest. *In re Paukner,* 10 B.R. 29 (N.D.Ohio 1981). As North American held no present or future property interest in the bond before bankruptcy, North American as the debtor cannot now make a valid claim on the bond during its Chapter 11 proceedings.

The bond is clearly not property of the estate, and since the automatic stay provision of the Code does not stay actions against property which is not property of the estate, the trustees of the bond are at liberty to carry out the Order of the State Court and to pay over to National Bank the Money Market Certificate. Any surplus in the Certificate shall be refunded to the Debtor.

As this case has been decided on its merits, the Court does not reach the issue as to whether the Bankruptcy Court lacks the power to grant the injunctive relief sought by the Debtor in its Complaint pursuant to 28 U.S.C. § 1481. National Bank's Motion for Summary Judgment is hereby granted. North American's Motion for Summary Judgment is granted as to the Counterclaim of National Bank for attorneys fees claimed under Chapter 57.105, Florida Statutes.