Robert J. SHELDON and Joan M. Sheldon, doing business as World Bazaar of Southlake, Plaintiffs–Appellees,

v.

MUNFORD, INC. and Lee Wards Creative Crafts, Inc., Defendants–Appellants.

No. 89–2324.

United States Court of Appeals, Seventh Circuit.

Submitted Feb. 28, 1990.
Decided May 15, 1990.

Robert D. Brown and Robert D. Hawk, Spangler, Jennings & Dougherty, Merrillville, Ind., for plaintiffs-appellees.

Marc P. Seidler, Stephen W. Schwab, and John F. Verhey, Rudnick & Wolfe, Chicago, Ill., and Daniel W. Glavin, Beckman, Kelly & Smith, Hammond, Ind., for defendants-appellants.

Before WOOD, Jr., CUDAHY and POSNER, Circuit Judges.

POSNER, Circuit Judge.

The Sheldons obtained a judgment for $300,000 against Munford, Inc. (and a sister corporation that we shall ignore to simplify our opinion) in the district court. In order to stay execution of the judgment pending appeal to this court, Munford obtained a supersedeas bond issued by the Insurance Company of North America. Fed.R.Civ.P. 62(d). The bond made INA jointly and severally liable on the judgment with Munford. Shortly before the appeal was to be argued, Munford filed for protection under Chapter 11 of the Bankruptcy Code and asked us to stay further proceedings in this court, pursuant to the automatic-stay provision of the Bankruptcy Code, 11 U.S.C. § 362(a). We granted the motion, and the Sheldons have asked us to reconsider our action.

A number of decisions hold that if the bankrupt has filed a supersedeas bond in order to prevent execution of the judgment against him, the automatic-stay provision is inapplicable: the appeal may go forward. *Mid–Jersey National Bank v. Fidelity–Mortgage Investors*, 518 F.2d 640 (3d Cir.1975); *Grubb v. FDIC*, 833 F.2d 222 (10th Cir.1987). The reasoning behind these decisions is that the supersedeas bond insulates the bankrupt estate from any possibility of harm as a result of the outcome of the appeal. Even if we affirm the judgment against Munford, INA will pay it; the unsecured creditors of Munford, who are the primary "owners" of the bankrupt estate, will pay nothing. The reasoning is incorrect. The supersedeas bond merely gives the judgment creditor another debtor to go after—the insurance company—once execution of the judgment is possible. It is not a release of the judgment debtor. Munford remains fully liable; it is just that INA is liable too.

Moreover, the outcome of the appeal is important to Munford, and hence to its creditors, even if the probability is one hundred percent (and realistically it is close to that) that INA will pay the judgment if we affirm. Munford must have given INA security adequate to make INA whole should the judgment against Munford be affirmed and execution issue against INA as guarantor of the judgment. If Munford wins the case on appeal and the Sheldons' claim is thrown out, Munford will be entitled to the return of the security it pledged to INA. *Carter Baron Drilling v. Excel Energy Corp.*, 76 B.R. 172 (D.Colo.1987). Or if before the appeal is decided, Munford settles with the Sheldons for less than $300,000, the part of the security not needed to compensate INA for ponying up the money for the settlement will revert to Munford. Either way, Munford's creditors have a stake in the appeal notwithstanding the supersedeas bond. The stake may be of smaller magnitude than if there were no bond (in which event, the Sheldons concede, the automatic stay would prevent us from hearing the appeal), but it is of the same

kind. The policy behind the automatic-stay provision is applicable and nothing in the text or history of the provision supports the creation of an exception.

We therefore respectfully disagree with our colleagues in the Third and Tenth Circuits and decline to allow the appeal to go forward. The Sheldons are of course free to seek vacation or modification of the automatic stay from the bankruptcy court. 11 U.S.C. § 362(d). Presumably that court will lift the stay (at least to the extent that the stay prevents this appeal from going forward) as soon as it is satisfied that Munford is adequately represented in this court; for Munford is the appellant and if it wins its creditors will be better off.

The motion to vacate the stay is denied. Because this decision creates an intercircuit conflict, it has been circulated in advance of publication to all the judges of the court in regular active service. 7th Cir.R. 40(f). No judge voted to hear the case en banc.