Richard BORMAN and Joanne Borman, his wife, Joanne Borman, Executrix of the last will of Richard Borman

v.

RAYMARK INDUSTRIES, INC., Keene Corporation, Eagle–Picher Industries, Inc., Owens–Corning Fiberglas Corporation, Owens–Illinois Glass Company, Celotex Corporation, Fibreboard Corporation, GAF Corporation, Turner–Newall, PLC, Garlock, Inc.

v.

NICOLET, INC.

Celotex Corporation, Appellant.

No. 89–2110.

United States Court of Appeals, Third Circuit.

Sur Motion March 28, 1991.

Decided Oct. 21, 1991.

Marc W. Reuben, Bruce H. Bikin, Montgomery, McCracken, Walker & Rhoads, Philadelphia, Pa., for appellant.

Martin Greitzer, Kirk V. Wiedemer, Greitzer & Locks, Philadelphia, Pa., for appellee, Joanne Borman, Executrix and in her own right.

Before SLOVITER, Chief Judge, SCIRICA and ALITO, Circuit Judges.

## OPINION SUR DENIAL OF MOTION

SCIRICA, Circuit Judge.

Appellant in this case is the Celotex Corporation, which is currently undergoing voluntary reorganization under Chapter 11 of the Bankruptcy Code. We stayed this appeal because the Code's automatic stay provisions ordinarily apply to appeals in actions originally brought against Chapter 11 debtors. *See Association of St. Croix Condominium Owners v. St. Croix Hotel Corp.*, 682 F.2d 446 (3d Cir.1982). Appellee Joanne Borman now seeks reconsideration, contending that our decision in *Mid-Jersey National Bank v. Fidelity–Mortgage Investors*, 518 F.2d 640 (3d Cir.1975), decided under the Bankruptcy Act of 1898 (as amended), requires that we decide the merits of this appeal because Celotex posted a supersedeas bond prior to its bankruptcy filing. We will deny the motion for reconsideration because we believe *Mid-Jersey* is no longer an accurate statement of the law under the expanded jurisdiction of the current Bankruptcy Code, adopted in 1978.

### I.

In February, 1987, Richard Borman and his wife Joanne filed a product liability suit in district court against several manufacturers of asbestos products, including Celotex. The suit sought damages for personal injuries allegedly suffered by Mr. Borman as a result of exposure to asbestos. Mr. Borman died in 1988. The trial was bifurcated, with the issue of damages tried first. Only Celotex and one other defendant remained in the suit by the end of the damages trial. On August 24, 1989, a jury assessed damages of $532,719. Celotex then agreed to pay a proportionate amount of the damage award, although it reserved its right to appeal from the damages trial. The jury found the remaining defendant not liable. On December 26, Celotex filed its notice of appeal. On January 31, 1990, Celotex stayed execution of judgment against it by posting a supersedeas bond. *See* Fed.R.Civ.P. 62(d). The Allstate Insurance Company served as surety for the bond, which was in the amount of $88,708.

The gravamen of Celotex's appeal is that the district court should have charged the jury on the apportionment of damages between cigarette smoking and asbestos exposure. On August 2, 1990, this court heard argument on the appeal. On October 12, before any disposition, Celotex filed a voluntary petition for bankruptcy under Chapter 11 of the Bankruptcy Code. On October 29, we notified the parties that the appeal would be stayed until either the bankruptcy proceeding was dismissed or the bankruptcy court granted leave to proceed. On March 28, 1991, Mrs. Borman filed a motion asking that we decide the merits of the appeal. She contends that the automatic stay does not apply to this appeal because Celotex posted a supersedeas bond before filing for bankruptcy.

### II.

■ The automatic stay is a central concept in bankruptcy law. Section 362(a) provides in part that:

> Except as provided in subsection (b) of this section, a petition filed under section 301, 302 or 303 of this title ... operates as a stay, applicable to all entities, of—
>
> (1) the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against

the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title; ...

(3) any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate; ....

11 U.S.C. § 362 (1988 & Supp.1991). The automatic stay was intended to give the debtor "a breathing spell from his creditors. It stops all collection efforts, all harassment, and all foreclosure actions. It permits the debtor to attempt a repayment or reorganization plan, or simply to be relieved of the financial pressures that drove him into bankruptcy." H.R.Rep. No. 95–595, 95th Cong., 1st Sess. 340 (1977) [hereinafter "House Report"], reprinted in 1978 U.S.Code Cong. & Admin.News 5787, 5963, 6296–97.

In *Association of St. Croix Condominium Owners v. St. Croix Hotel Corp.*, 682 F.2d 446 (3d Cir.1982), we held that the automatic stay under § 362(a)(1) extends to appeals in actions that were originally brought against the debtor, regardless of whether the debtor is the appellant or the appellee. Under this rule, this appeal is subject to the automatic stay because the action was originally brought against Celotex.

Borman contends that this case is controlled instead by *Mid–Jersey National Bank v. Fidelity–Mortgage Investors*, 518 F.2d 640 (3d Cir.1975). In that case, we held that a debtor's appeal was not subject to the automatic stay provisions of the old Bankruptcy Act, 11 U.S.C. § 711 et seq. (1898) (as amended), the predecessor to the current Bankruptcy Code, because the debtor had made a deposit with the court to stay execution of judgment. The original action had been brought by Mid–Jersey National Bank against Fidelity–Mortgage Investors ("FMI") and the district court granted summary judgment in favor of Mid–Jersey. FMI appealed and posted a supersedeas bond. The district court later allowed FMI to make a deposit with the

court in lieu of the bond. While the appeal was pending, FMI filed for bankruptcy.

Under the stay provisions applicable to that case, a bankruptcy filing stayed "the commencement or the continuation of any court or other proceeding against the debtor, or the enforcement of any judgment against him, or of any act or the commencement or continuation of any court proceeding to enforce any lien against his property...." Bankruptcy Rule 11–44(a) (repealed), *reprinted in* 14 Collier on Bankruptcy 11–44–1 (14th ed. 1976). We noted, however, that the Bankruptcy Rules were "exclusively procedural" and must be read in accord with the substantive provisions of Chapter 11. 518 F.2d at 643. The Bankruptcy Rules were not statutory, but instead had been promulgated by the Supreme Court. Construing the jurisdictional provisions of the Bankruptcy Act, we held that Rule 11–44(a) extended "only to proceedings which could divest the debtor of property over which the Chapter XI court has jurisdiction." *Id.* We found that this interpretation was consonant with the purpose of Rule 11–44(a), which was " 'to prevent interference with, or diminution of, the debtor's property.' " *Id.* (quoting *Teledyne Indus., Inc. v. Eon Corp.*, 373 F.Supp. 191 (S.D.N.Y.1974)).

Consequently, we held that the appeal could be stayed only if FMI's deposit with the court constituted property of the debtor over which the bankruptcy court had exclusive jurisdiction. *Id.* We held that the deposit was not property of the debtor because it constituted a trust whose beneficiaries would be determined by the outcome of the appeal. We found that "FMI parted with its ownership of the certificate of deposit when the certificate was entrusted to the court. Since then, the only property interest FMI has had in the certificate is a contingent reversionary interest as a potential beneficiary of the trust." *Id.* at 644. This analysis has been followed by a number of courts. *See Grubb v. Federal Deposit Ins. Corp.*, 833 F.2d 222 (10th Cir. 1987); *Carter Baron Drilling v. Excel Energy Corp.*, 76 B.R. 172 (D.Colo.1987); *Moran v. Johns–Manville Sales Corp.*, 28 B.R. 376 (N.D.Ohio 1983); *In re Alwan*

**1034**

*Bros. Co.*, 105 B.R. 886, 892–95 (Bankr. C.D.Ill.1989), *on reconsideration,* 112 B.R. 294 (Bankr.C.D.Ill.1990); *W.W. Gay Mechanical Contractor, Inc. v. Wharfside Two, Ltd.*, 545 So.2d 1348, 1349–50 (Fla. 1989); *see also Atlantic Richfield Co. v. Good Hope Refineries,* 604 F.2d 865, 868–70 (5th Cir.1979) (reaching same result without relying on *Mid–Jersey* ); *In re North American Marketing Corp.*, 24 B.R. 16 (Bankr.S.D.Fla.1982) (same).

*Mid–Jersey* has recently been criticized. In *Sheldon v. Munford, Inc.*, 902 F.2d 7 (7th Cir.1990), the Court of Appeals for the Seventh Circuit held that the posting of a supersedeas bond does not prevent the application of the automatic stay to a pending appeal by a debtor. The court summarized *Mid–Jersey* as relying on the proposition that "the supersedeas bond insulates the bankrupt estate from any possibility of harm as a result of the outcome of the appeal." *Id.* at 8. The court disagreed with that reasoning, noting that "[t]he supersedeas bond merely gives the judgment creditor another debtor to go after—the insurance company [that issued the bond]— once execution of the judgment is possible. It is not a release of the judgment debtor." *Id.* The court also noted that even if it is certain that the surety will pay the judgment, the debtor's creditors have a stake in the appeal because of the collateral given by the debtor to secure the bond. *Id.* Therefore, it found that the policy behind the automatic stay was applicable. *Id.* at 8–9.

In *In re Celotex Corp.*, 128 B.R. 478 (Bankr.M.D.Fla.1991), the bankruptcy court with jurisdiction over the Celotex estate also disagreed with *Mid–Jersey* and held that attempts to execute on supersedeas bonds are subject to the automatic stay. The court had previously lifted the automatic stay to allow certain appeals to continue, and confronted the question of whether supersedeas bonds posted prior to some appeals constituted property of the estate that would be unavailable to plaintiffs should their cases be affirmed. It questioned *Mid–Jersey*'s holding that the debtor had only a contingent reversionary interest in the bond, stating that "basic property law would suggest a reversionary interest is never contingent but is vested subject to divestment." *Id.* at 480. It also noted that under the *Mid–Jersey* analysis the debtor must be considered the potential beneficiary of a hypothetical trust, which would give the debtor an equitable property interest in the bond. *Id.* at 480–81. *See* 11 U.S.C. § 541(a)(1) (1988) (property of the estate includes "wherever located and by whomever held ... all legal or equitable interests of the debtor in property."). Consequently, "the debtor still has an interest in the supersedeas bond cognizable under Section 541 of the Bankruptcy Code subject to the interest being divested if the debtor is unsuccessful once the appellate process is completed." 128 B.R. at 482.[1]

We recognize the force of this criticism, especially in light of the expansive definition of "property of the estate" under § 541. *See, e.g., United States v. Whitting Pools, Inc.,* 462 U.S. 198, 202–09 & n. 13, 103 S.Ct. 2309, 2312–16 & n. 13, 76 L.Ed.2d 515 (1983) (Bankruptcy Code adopted expansive definition of property of the estate and extended jurisdiction to property not in possession of the debtor); *Celotex,* 128 B.R. at 481 ("The *Mid–Jersey* court, considering pre-Code law, did not have before it the expansive views established by Congress in Section 541 and Section 362 of the Bankruptcy Code."); *In re Railroad Dynamics, Inc.*, 97 B.R. 239, 244 n. 1 (Bankr.E.D.Pa.1989) (expanded jurisdiction of Bankruptcy Code invalidates *Mid–Jersey*'s definition of property of the

---

**1.** It is also possible that *Mid–Jersey* could be distinguished from the current case because *Mid–Jersey* involved a deposit with the court rather than a supersedeas bond. In *Grubb v. Federal Deposit Ins. Corp.*, 833 F.2d 222 (10th Cir.1987), the appellant had posted a supersedeas bond and also deposited with the court the collateral securing the bond. The dissent would have distinguished *Mid–Jersey* as having involved an actual relinquishment of funds by the debtor, rather than merely a deposit of collateral. *Id.* at 228–30 (Moore, J., dissenting). The dissent believed that the debtor retained a property interest in the collateral until the point of foreclosure. Here, the debtor has likewise parted with no funds. However, in view of our holding below, we need not rely on this distinction.

estate). We believe *Mid–Jersey*'s analysis of the automatic stay is inapplicable to the current Bankruptcy Code. However, we find it unnecessary to decide whether the Code has superseded *Mid–Jersey*'s definition of property of the estate, because we believe § 362(a)(1) stays pending proceedings brought directly against the debtor, regardless of whether they involve property of the estate.

■ Under *St. Croix Condominium Owners,* this appeal constitutes a "proceeding against the debtor" within the meaning of § 362(a)(1) because the underlying action was brought against Celotex. The existence of a supersedeas bond does not alter that fact. Section 362(a)(1) stays an "action or proceeding against the debtor ... *or* to recover a claim against the debtor...." (emphasis added). This disjunctive language clearly indicates that Congress intended for § 362(a)(1) to stay actions against the debtor that are not necessarily brought to recover a claim. *See In re Johns–Manville Corp.,* 31 B.R. 965, 968–69 (S.D.N.Y.1983) (disjunctive language in § 362(a)(1) requires stay of declaratory judgment action against the debtor regardless of whether such action constitutes a claim against the debtor). As Congress noted, "[t]he scope of [subsection a(1)] is broad. All proceedings are stayed, including arbitration, license revocation, administrative and judicial proceedings." House Report at 340. When a pre-petition proceeding has been instituted directly against the debtor, the stay applies unless the proceeding falls within a statutory exception or the bankruptcy court grants relief.

■ Relying on *Mid–Jersey,* Borman contends that the automatic stay applies only to actions to obtain property of the estate. But § 362(a)(3) stays "any act to obtain possession of property of the estate or of property from the estate or to exer-

cise control over property of the estate." Consequently, § 362(a)(1) would have no function as a separate provision if it also applied only to actions involving property of the estate. Any action covered by subsection (a)(1) would also be covered by subsection (a)(3). *See Martin–Trigona v. Champion Federal Savings and Loan Ass'n,* 892 F.2d 575, 577 (7th Cir.1989) (automatic stay applies to "actions against the bankrupt *or* to seizures of property of the bankrupt.") (emphasis added); *Credit Alliance Corp. v. Williams,* 851 F.2d 119, 121 (4th Cir.1988) (same); *MacArthur Co. v. Johns–Manville Corp.,* 837 F.2d 89, 92 (2d Cir.) (same), *cert. denied,* 488 U.S. 868, 109 S.Ct. 176, 102 L.Ed.2d 145 (1988). It is an "elementary canon of construction that a statute should be interpreted so as not to render one part inoperative." *Colautti v. Franklin,* 439 U.S. 379, 392, 99 S.Ct. 675, 684, 58 L.Ed.2d 596 (1979).[2]

Moreover, § 362(b)(2) specifically exempts from the stay "the collection of alimony, maintenance, or support from property *that is not property of the estate.*" 11 U.S.C. § 362(b)(2) (1988) (emphasis added). This provision indicates that the automatic stay was intended to apply to actions that do not necessarily involve property of the estate. *See also id.* § 362(b)(1) (exempting criminal actions or proceedings against the debtor); *id.* § 362(b)(5) (exempting enforcement of non-money judgments obtained in governmental actions to enforce police or regulatory power). Similarly, under § 362(c)(1), the stay of an action against property of the estate continues only until the property is no longer part of the estate, while under § 362(c)(2), the "stay of any other act" continues until the bankruptcy case is closed or dismissed, or a discharge is granted or denied. *See id.* § 362(c). Thus, § 362(c) also contemplates that the automatic stay applies to

---

**2.** There is a separate need for subsection (a)(3) notwithstanding the fact that subsection (a)(1) also stays actions to recover pre-petition claims against the debtor. There are actions covered by subsection (a)(3) that are not covered by subsection (a)(1). Subsection (a)(3) applies regardless of whether the property is in the debtor's possession, and thus applies to actions

against third parties as well as actions against the debtor. Subsection (a)(1) ordinarily does not stay actions against parties other than the debtor. *See, e.g., A.H. Robins Co. v. Piccinin,* 788 F.2d 994, 999–1001 (4th Cir.), *cert. denied,* 479 U.S. 876, 107 S.Ct. 251, 93 L.Ed.2d 177 (1986).

actions other than those to obtain property of the estate.

We recognize that *Mid–Jersey* reached the opposite result when construing similar automatic stay provisions. The provisions applicable to that case stayed any "proceeding against the debtor, or the enforcement of any judgment against him, or of any act or the commencement or continuation of any court proceeding to enforce any lien against the property." Bankruptcy Rule 11–44(a) (repealed), *reprinted in* 14 Collier on Bankruptcy 11–44–1 (14th ed. 1976). However, we expressly held that this broad language was merely "procedural," and was limited by the jurisdictional provisions of the Bankruptcy Act and the stay's purpose of preventing interference with the property of the debtor. 518 F.2d at 643.

By contrast, under the present Bankruptcy Code, the current automatic stay provisions are contained in the statute itself. Before Congress provided such statutory authorization, the power to enjoin proceedings involving debtors was derived from the bankruptcy court's custodial jurisdiction over property of the debtor. *See generally* 2 Collier on Bankruptcy ¶ 362.01[1] (15th ed. 1991). Since *Mid–Jersey*, bankruptcy jurisdiction has been expanded to include "all civil proceedings arising under title 11, or arising in or related to cases under title 11." 28 U.S.C. 1334(b) (1988). We have interpreted this language broadly, holding that a proceeding is "related to" a bankruptcy case if

> the outcome of that proceeding could conceivably have any effect on the estate being administered in bankruptcy. Thus, the proceeding need not necessarily be against the debtor or against the debtor's property. An action is related to bankruptcy if the outcome could alter the debtor's rights, liabilities, options, or freedom of action (either positively or negatively) and which in any way impacts upon the handling and administration of the bankrupt estate.

*Pacor, Inc. v. Higgins*, 743 F.2d 984, 994 (3d Cir.1984) (citations and emphasis omitted) (interpreting predecessor to § 1334(b)).

Although the automatic stay does not encompass every action that is "related to" bankruptcy, we believe the *Mid–Jersey* analysis cannot stand in light of this expansive jurisdiction. The automatic stay is now statutory, and its plain language is no longer qualified by jurisdictional limitations.

■ Applying § 362(a)(1) to actions against the debtor that do not necessarily involve property of the estate is also consonant with the purposes of the current automatic stay provisions. Unlike the provisions construed in *Mid–Jersey*, which were directed solely at protecting property of the estate, the current provisions provide a "breathing spell" for the debtor which stops all collection efforts. House Report at 340. This breathing spell encompasses a stay of an action brought directly against the debtor, even when the funds to satisfy a judgment may ultimately come from another source. The automatic stay was designed "to prevent certain creditors from gaining a preference for their claims against the debtor; to forestall the depletion of the debtor's assets due to legal costs in defending proceedings against it; and, in general, to avoid interference with the orderly liquidation or rehabilitation of the debtor." *St. Croix Condominium Owners*, 682 F.2d at 448. These concerns are implicated whenever an action is instituted directly against the debtor, although they arguably have more force when an action directly implicates property of the estate. The policy behind the automatic stay is applicable even when it is clear that another party will ultimately be responsible for payment as the result of a supersedeas bond. *See Sheldon*, 902 F.2d at 9. Section 362(a)(1) stays all pre-petition actions against the debtor, not merely acts to obtain property of the debtor. If the automatic stay were concerned only with the actual effect of a judgment on the debtor's property, it would follow that we should permit all actions against the debtor to proceed until entry of judgment, with only execution of judgment being stayed. We do not believe this was Congress' intent.

Although we hold that this appeal is stayed under § 362(a)(1), we do not imply

that it would be improper for the bankruptcy court to lift or modify the stay to permit disposition. As we noted in *St. Croix Condominium Owners*, it is the bankruptcy judge who must make that determination, taking all relevant factors into consideration. 682 F.2d at 448.[3]

### III.

We will deny the motion for reconsideration and will continue to stay this appeal pending resolution of the bankruptcy case or action by the bankruptcy court. We believe *Mid–Jersey* is no longer an accurate statement of the law to the extent it holds that a supersedeas bond or deposit can prevent the application of the automatic stay. We express no opinion on whether the supersedeas bond is considered property of the estate under the Bankruptcy Code.

---

**3.** The *Celotex* bankruptcy court has already noted that it is generally in the best interest of the estate to allow an appeal to go forward. *Celotex*, 128 B.R. at 481 n. 9 (citation omitted). *See* 2 Collier on Bankruptcy ¶ 362.07[3] (15th ed. 1991) (citations omitted) ("Where the claim is covered by insurance or indemnity, continuation of the action should be permitted since hardship to the debtor is likely to be outweighed by hardship to the plaintiff."). *See also Sheldon*, 902 F.2d at 9 (provided debtor is adequately represented, it is better for the estate to allow appeal to proceed).