**RAYMARK INDUSTRIES, INC.,**
Debtor–Appellant,

v.

**George Q. LAI.**

No. 91–2099.

United States Court of Appeals,
Third Circuit.

Argued June 22, 1992.

Decided Sept. 2, 1992.

James D. Coleman, William A. Slaughter (argued), Janine M. Dlutowski, Ballard, Spahr, Andrews & Ingersoll, Philadelphia, Pa., for debtor-appellant.

Michael L. Goldberg (argued), Mandell, Lewis & Goldberg, McLean, Va., Aaron H. Simon, Kazan, McClain, Edises & Simon, Oakland, Cal., and Paul Reich, Clark, Ladner, Fortenbaugh & Young, Philadelphia, Pa., for appellee.

Present: BECKER, HUTCHINSON and ALITO, Circuit Judges.

## OPINION OF THE COURT

HUTCHINSON, Circuit Judge.

Raymark Industries, Inc. (Raymark) appeals from an order of the district court that affirmed a bankruptcy court order denying Raymark's motion to enforce an automatic stay against California state court proceedings. Both the California appellate courts and the bankruptcy court held that the state court action was not stayed by Raymark's involuntary bankruptcy. The bankruptcy court relied on our decision in *Mid–Jersey Nat'l Bank v. Fidelity Mortgage Investors*, 518 F.2d 640 (3d Cir.1975). There, we held that the automatic stay of the Bankruptcy Act, since repealed and replaced by the Bankruptcy Code, did not apply to cases in which the bankrupt party, pre-petition, had posted a deposit to stay execution of a judgment pending appeal because the deposit so posted was not property of the bankrupt's estate.

Neither the California appellate courts nor the bankruptcy court had the benefit of our decision in *Borman v. Raymark Industries, Inc.*, 946 F.2d 1031 (3d Cir.1991), which was filed while Raymark's appeal from the decision of the bankruptcy court was pending in the district court. In *Borman* we held that the automatic stay of section 362(a) of the Bankruptcy Code, 11 U.S.C.A. § 362(a) (West 1979 & Supp.1992), applies to a pre-petition state court action against a debtor who has posted a cash deposit to stay execution on a judgment pending appeal, regardless of whether the deposit was considered property of the debtor's estate. *Id.* at 1035–37. The dis-

trict court concluded that *Borman* should not be applied retroactively to this case and instead followed *Mid–Jersey*.

■ We hold that the district court erred in failing to apply *Borman* to this case. *Mid–Jersey* did not address the automatic stay provision of section 362 of the Code but instead involved the automatic stay as it existed under the now-repealed Bankruptcy Act. As we stated in *Borman*, the automatic stay of section 362 applies to all actions brought against a debtor, either pre- or post-petition, regardless of whether the assets in question are considered property of the debtor's estate. We will therefore reverse the district court's order and remand with instructions to remand the case in turn to the bankruptcy court for entry of an order vacating the order of the state court dismissing Raymark's appeal.

## I.

Appellee George Lai (Lai) was a plaintiff in a products liability action against Raymark in the California Superior Court for the County of Los Angeles (Superior Court). On December 28, 1987 a judgment was entered for him in the amount of $725,000.00 plus costs. Raymark appealed to the Court of Appeal of the State of California, Second Appellate District (California Court of Appeal). On March 21, 1988, Raymark posted a cash supersedeas bond in the amount of $1,087,500.00 with the Clerk of the Superior Court of Los Angeles County. This deposit stayed execution on Lai's judgment pending the California Court of Appeal's disposition of Raymark's appeal.

On February 10, 1989, Raymark was placed in involuntary bankruptcy when one of its creditors filed a petition against it in the United States Bankruptcy Court for the Eastern District of Pennsylvania (bankruptcy court). As of that date, Raymark had not yet secured those portions of the trial transcript that it needed to prosecute its appeal in the California Court of Appeal. On May 15, 1989, Raymark notified the California Court of Appeal and Lai's attorney that it had been placed in involuntary bankruptcy and that the automatic stay

prevented it from taking any further action with respect to its appeal. Approximately one year later, on July 9, 1990 Lai filed a motion with the California Court of Appeal to dismiss Raymark's appeal from the Superior Court's judgment for failure to diligently prosecute. On August 2, 1990, the California Court of Appeal directed Raymark to proceed forthwith to secure the court reporter's transcript and to advise the Court by September 4, 1990 of the measures it had taken to do so. The Court deferred ruling on Lai's motion to dismiss until September 5, 1990.

Raymark filed a response stating that it had asked the court reporter for an estimate of the cost of completing the trial transcript two years earlier, and that it had only recently renewed that request. Raymark also filed a motion in which it again advised the California Court of Appeal of the pending involuntary bankruptcy proceeding and asked the state court to stay the case pursuant to the automatic stay provision of the Bankruptcy Code, 11 U.S.C.A. § 362(a). Further, Raymark advised the court that it had communicated to Lai's counsel that it would not oppose any motion by Lai in the bankruptcy court to lift the stay so that the appeal could proceed. On September 4, 1990 the California Court of Appeal dismissed Raymark's appeal for lack of diligent prosecution and in the same order dismissed as moot Raymark's motion to stay the appeal pursuant to section 362's automatic stay.

Raymark then sought enforcement of the automatic stay in the bankruptcy court through a motion for an injunction restraining Lai from executing on the bond. Raymark also sought a declaration that the California Court of Appeal's dismissal of the appeal was null and void along with sanctions against Lai and his attorneys for violating section 362's automatic stay. Lai in turn moved to dismiss Raymark's motion to enforce the automatic stay. He argued that the California Court of Appeal's judgment collaterally estopped Raymark from raising the automatic stay issue in the bankruptcy court.

On October 2, 1990 the bankruptcy court denied Raymark's motion and held that Raymark's state court appeal was not subject to the automatic stay of section 362(a) because the pre-petition cash supersedeas bond was not property of Raymark's bankruptcy estate. In doing so, the bankruptcy court relied on this Court's decision in *Mid-Jersey*. Raymark appealed to the United States District Court for the Eastern District of Pennsylvania.

While Raymark's motion was pending in the bankruptcy court, it also filed a petition for rehearing in the California Court of Appeal on that court's order dismissing its motion to stay the state proceedings pursuant to section 362. The California Court of Appeal denied Raymark's petition for rehearing on September 25, 1990, and Raymark's subsequently filed Petition for Review was denied by the Supreme Court of California on November 14, 1990. On December 12, 1990, the Clerk of the California Court of Appeal issued a Remittitur Notice stating that the September 4, 1990 judgment of the Superior Court was now final. On April 9, 1991, the Superior Court ordered its Department of Finance to disburse funds in the amount of $960,625.00 from the cash bond posted by Raymark to Lai and his attorneys and to return all remaining funds to Raymark. Lai executed upon the judgment and received the funds on April 17, 1991.

With his state court judgment satisfied, Lai filed a motion in the district court to dismiss Raymark's appeal of the bankruptcy court's order as moot. On October 21, 1991, while Raymark's appeal was pending before the district court, this Court held in *Borman* that the automatic stay provision of section 362(a) applied to bonded appeals by a bankrupt debtor. *See Borman*, 946 F.2d at 1036–37. Raymark promptly brought the *Borman* case to the district court's attention.

On December 23, 1991 the district court denied Lai's motion to dismiss on mootness grounds and affirmed the bankruptcy court's order denying Raymark's motion to enforce the automatic stay. The district court agreed with the bankruptcy court

that under controlling Third Circuit precedent in force at the time the California courts entered their orders, the cash posted by Raymark in lieu of the supersedeas bond was not property of the estate and was thus exempt from the automatic stay. The district court therefore believed that the state court orders were not void *ab initio* and that it did not have authority to vacate the state court rulings under federal principles of comity. The district court also stated that even if *Borman* applied and the state courts had acted in violation of the automatic stay, Raymark's recourse would have been to file a petition for certiorari with the Supreme Court of the United States after the Supreme Court of California denied review. In support, the district court cited our decision in *In re James*, 940 F.2d 46, 51 (3d Cir.1991). Raymark filed a timely notice of appeal from the district court's order on December 27, 1991.

## II.

The bankruptcy court had subject matter jurisdiction over this matter under 28 U.S.C.A. § 1334(b) (West Supp.1992) and 28 U.S.C.A. § 157 (West Supp.1992). The district court had jurisdiction over the appeal from the bankruptcy court's order pursuant to 28 U.S.C.A. § 158(a) (West Supp. 1992). We have appellate jurisdiction over the final order of the district court pursuant to 28 U.S.C.A. § 158(d) (West Supp. 1992).

■ On February 7, 1992, Lai filed a motion to dismiss this appeal on grounds of mootness. That motion was referred to this panel. It must be considered before we can reach the merits of the case. Lai argues that Raymark's appeal is moot because the money Raymark posted with the Clerk of the Superior Court in lieu of a supersedeas bond was disbursed to Lai by the Clerk on April 17, 1991. Thus, he says, this Court is prevented from fashioning any meaningful relief for Raymark. We disagree. On the merits, the question is whether the order of the California Court of Appeal dismissing Raymark's appeal for failure to prosecute is void *ab initio, see* Typescript *post* at 1132. If it is, that order

must be vacated and upon its vacation Raymark can seek to undo the harm it suffered when its state court appeal was dismissed in violation of the automatic stay. *Cf. In re Smith*, 876 F.2d 524, 527 (6th Cir.1989) (when foreclosure sale conducted in violation of automatic stay, proceeds of sale must be returned to estate). Whether Raymark itself will be able to obtain relief from the automatic stay to take such action, what theories of recovery may be available to Raymark to recover the funds, and in what court, are issues not ripe for appellate decision at this time. The parties have not briefed them and neither the bankruptcy court, to whom their resolution is entrusted in the first instance, nor the district court have had an opportunity to consider them.

Lai's reliance on *In re Cantwell*, 639 F.2d 1050 (3d Cir.1981) and *In re Highway Truck Drivers*, 888 F.2d 293, 299 (3d Cir. 1989) is misplaced. He cites those cases for the proposition that a validly rendered intervening, non-forum order which prevents the forum court from fashioning any meaningful relief renders the issue before the forum court moot. Both cases are distinguishable. In *Highway Truck Drivers*, relief from the stay *had* been granted permitting a state court action to proceed. Consequently, the intervening state court decision that prevented this Court from granting any meaningful relief was valid when entered and not void *ab initio. See Highway Truck Drivers*, 888 F.2d at 298– 99. In *Cantwell*, 639 F.2d at 1051, the bankruptcy court granted a creditor's request for a stay of the debtor's discharge from bankruptcy. The debtor appealed the grant of the stay to the district court and the stay was reversed. The creditor appealed the district court's reversal of the stay of discharge and, while the appeal was pending, the bankruptcy court discharged the debtor from bankruptcy. We held that since the bankruptcy court had granted the debtor's discharge, the creditor's appeal concerning only reversal of the order staying the debtor's discharge was moot. *Id.* at 1054. There, the bankruptcy court had unquestionable authority to discharge the debtor. Here, in contrast, Lai has yet to

seek relief from the automatic stay in the bankruptcy court, as suggested by Raymark before the California Court of Appeal dismissed its appeal.

Raymark's position is analogous to that of an appellant who has not obtained a stay of execution of the underlying judgment pending appeal when the appellee executes on its judgment while the appeal is pending. The execution does not render the appeal moot since a reversal would allow the appellant to seek either a money judgment or return of the funds or property seized in execution. *See* 9 James W. Moore et al., *Moore's Federal Practice* ¶ 208.03, at 8–10 (2d ed. 1989). Accordingly, we will deny Lai's motion to dismiss this appeal as moot and consider the case on its merits.

Our standard of review with respect to the merits is plenary. *Air Courier Co. of Am./Int'l Comm. v. United States Postal Serv.*, 959 F.2d 1213, 1217 (3rd Cir.1992).

### III.

Before enactment of the Bankruptcy Code, the issue whether cash securing a pre-petition court bond was property of the bankruptcy estate within the jurisdiction of the bankruptcy court and so subject to the automatic stay was governed by our decision in *Mid–Jersey*. In that case, we interpreted Bankruptcy Rule 11–44(a) (since repealed, *see Borman*, 946 F.2d at 1033) and section 311 of the old Bankruptcy Act to extend the automatic stay only to proceedings that could divest the debtor of property over which the bankruptcy court had jurisdiction. *See Mid–Jersey*, 518 F.2d at 643. We concluded that a debtor's pre-petition cash deposit with a court to stay execution of a judgment pending appeal was not property of the debtor subject to the jurisdiction of the bankruptcy court, stating:

> [W]e are of the opinion that such a deposit *in custodia legis* may be considered the res of a trust. The court acts as trustee and is charged with the duty of determining the beneficiaries pursuant to the appeal.

*Id.* In our view, the debtor was only a beneficiary with a contingent reversionary interest in the deposit that made up the trust's res and no longer "owned" the funds. *See id.* at 644. Noting that these funds were not available to the bankruptcy court for use in the reorganization, *id.*, we concluded that the appeals at issue were not automatically stayed by Rule 11–44(a). *Id.*

In *Borman* we considered whether our holding in *Mid–Jersey* survived the repeal of the Bankruptcy Act and its replacement by the Bankruptcy Code. Borman had won a products liability suit against Celotex Corporation in the district court. Celotex appealed and stayed execution of the judgment by posting a supersedeas bond. *See Borman*, 946 F.2d at 1032. After this Court had heard argument on Celotex's appeal, Celotex filed a voluntary Chapter 11 petition under the Code. *Id.* We notified the parties that Celotex's appeal would be stayed until either the bankruptcy proceeding was dismissed or the bankruptcy court granted us leave to proceed because the automatic stay applies to all appeals in pre-petition actions against Chapter 11 debtors. *See id.*

Borman moved for reconsideration, contending that *Mid–Jersey* required us to decide the merits of the appeal since Celotex had posted a supersedeas bond prior to its bankruptcy filing. *Id.* We denied Borman's motion because "*Mid–Jersey* is no longer an accurate statement of the law under the expanded jurisdiction of the current Bankruptcy Code, adopted in 1978." *Id.* We noted that the automatic stay provision, now incorporated into the statute itself, states that a bankruptcy petition

> operates as a stay, applicable to all entities, of—
>
> (1) the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was ... commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title; ...
>
> (3) any act to obtain possession of property of the estate or of property

from the estate or to exercise control over property of the estate[.]

*Id.* at 1032–33 (quoting 11 U.S.C. § 362(a) (1988 & Supp.1991)). We observed that the purpose of the stay is "to give the debtor 'a breathing spell ... [and i]t permits the debtor to attempt a repayment or reorganization plan, or simply to be relieved of the financial pressures that drove him into bankruptcy.'" *Borman,* 946 F.2d at 1033 (quoting H.R.Rep. No. 95–595, 95th Cong., 1st Sess. 340 (1977), *reprinted in* 1978 U.S.C.C.A.N. 5787, 5963, 6296–97).

Although other courts had already decided *Mid–Jersey* was not controlling as to automatic stays under the Code because of the expansive definition of property of the estate in 11 U.S.C.A. § 541 (West 1979 & Supp.1992), we found it unnecessary to decide whether the Code had superseded *Mid–Jersey's* definition of property of the estate "because ... [Bankruptcy Code] § 362(a)(1) stays pending proceedings brought directly against the debtor, regardless of whether they involve property of the estate." *Id.* at 1035. We noted that while *Mid–Jersey* held that the automatic stay applies only to actions to obtain property of the estate, the Code expressly stays proceedings against the debtor as well as actions to recover property of the estate. *Id.; compare* 11 U.S.C.A. § 362(a)(3) (set forth above) *with* 11 U.S.C.A. § 362(a)(1) (set forth above). Since section 362(a)(3) automatically stays any action to obtain property of the estate, we reasoned that section 362(a)(1)'s broader provision staying pre-petition claims or proceedings against the debtor would have no meaning if it applied only to actions involving property of the estate.[1] *See Borman,* 946 F.2d at 1035.

We also noted in *Borman* that although Bankruptcy Rule 11–44(a) was equally broad, *Mid–Jersey* held the former Rule was merely "procedural" and as such limited by the jurisdictional provisions of the Bankruptcy Act. *Id.* at 1036. Before the Bankruptcy Code became effective in 1978, a bankruptcy court's power to enjoin proceedings involving debtors depended on its custodial jurisdiction over property of the debtor, *id.,* whereas under the Bankruptcy Code, subsequent to *Mid–Jersey,* bankruptcy jurisdiction was expanded to include "all civil proceedings arising under title 11, or arising in or related to cases under title 11." *Id.* (quoting 28 U.S.C. § 1334(b) (1988)). We reviewed our earlier holding that a proceeding is "related to" a bankruptcy case under section 1334(b) if "the outcome of that proceeding could conceivably have any effect on the estate being administered in bankruptcy ... and [it] in any way impacts upon the handling and administration of the bankrupt estate." *Id.* at 1036 (quoting *Pacor, Inc. v. Higgins,* 743 F.2d 984, 994 (3d Cir.1984)). Because the jurisdiction of bankruptcy courts was expanded by the Code, we held in *Borman* that *Mid–Jersey's* holding limiting the automatic stay to actions affecting property of the bankrupt's estate is inapplicable to the current Bankruptcy Code. *See id.* at 1036–37. We concluded:

> the *Mid–Jersey* analysis cannot stand in light of this expansive jurisdiction. The automatic stay is now statutory, and its plain language is no longer qualified by jurisdictional limitations.

*Id.* at 1036. Our holding in *Borman* was also based on the purpose of the current automatic stay provisions. We stated:

> Unlike the provisions construed in *Mid–Jersey,* which were directed solely at protecting property of the estate, the current provisions provide a "breathing spell" for the debtor which stops all collection efforts. This breathing spell en-

---

**1.** Several other subsections of section 362 plainly state that the automatic stay the Code provides is not limited to actions to obtain property of the estate. For example, section 362(b)(2) exempts from the stay "the collection of alimony, maintenance, or support from property *that is not property of the estate.*" 11 U.S.C.A. § 362(b)(2) (West 1979 & Supp.1992) (emphasis added). Under 11 U.S.C.A. § 362(c)(1) (West 1979 & Supp.1992), the stay of an action against property of the estate continues only until the property is no longer part of the estate, while under 11 U.S.C.A. § 362(c)(2) (West Supp.1992), the "stay of any other act" continues until the bankruptcy case is closed, dismissed, or a discharge is granted or denied. *See generally Borman,* 946 F.2d at 1035–36 (discussing those sections).

compasses a stay of an action brought directly against the debtor, even when the funds to satisfy a judgment may ultimately come from another source.... If the automatic stay were concerned only with the actual effect of a judgment on the debtor's property, it would follow that we should permit all actions against the debtor to proceed until entry of judgment, with only execution of judgment being stayed.

*Id.*

Our rationale in *Borman* demonstrates that *Mid–Jersey* is contrary to superseding statutory law adopted by Congress in its passage of section 362(a) of the Bankruptcy Code. Thus, the district court as well as the bankruptcy court and the California Court of Appeal erred in holding that section 362(a) did not stay Lai's action to dismiss Raymark's appeal.[2]

## IV.

■ We are left, however, with the question of whether our holding in *Borman* applies to the present case. Lai argues that *Borman* does not apply because it announced a new rule of law. Until our decision in *Borman*, he continues, *Mid–Jersey* governed the Raymark bankruptcy proceeding and thus the orders of the California courts were not void *ab initio* because they were valid when entered. Raymark contends that we do not need to address the issue of retroactivity because *Mid–Jersey* was decided under the old Bankruptcy Act, not the new Bankruptcy Code, and therefore *Mid–Jersey* has no effect because this matter is governed by the Bankruptcy Code. Raymark says it was not *Borman* that changed the law but the Bankruptcy Code. *Borman*, it argued, did

not announce a new rule. It merely applied a statute that has been the law since its effective date in 1978. Accordingly, the state court orders in question were void *ab initio*.

We agree with Raymark. *Borman* held that *Mid–Jersey's* construction of section 311 of the Bankruptcy Act and Rule 11–44(a) promulgated thereunder were superseded by the statutory changes effected by the new language Congress included in the Bankruptcy Code. *See Borman*, 946 F.2d at 1032. Thus, under the Bankruptcy Code as we construed it in *Borman*, the California Court of Appeal's order dismissing Raymark's appeal was void *ab initio* and should have been vacated by the bankruptcy court.[3]

■ Finally, we consider Lai's argument that the bankruptcy court was precluded from considering the application of the automatic stay to Raymark's pending appeal in the California courts by principles of finality. While it is true that "once suit is barred by [claim preclusion] ... a new rule cannot reopen the door already closed," *James B. Beam Distilling Co. v. Georgia*, — U.S. —, —, 111 S.Ct. 2439, 2446, 115 L.Ed.2d 481 (1991) (opinion of Souter, J.), neither claim preclusion nor issue preclusion apply here. Raymark did not make a collateral attack on the merits of the California judgment in the bankruptcy court. The bankruptcy court was empowered to stay Lai's motion to dismiss Raymark's state court appeal regardless of what the California Court of Appeal decided because actions taken in violation of the automatic stay are without effect. *See Maritime Elec. Co. v. United Jersey Bank*, 959 F.2d 1194, 1206–08 (3d Cir.1992).

2. Although the order of the California Court of Appeal does not specifically cite *Mid–Jersey*, both the bankruptcy and district courts specifically relied on that decision.

3. Even if subsequent to the judgments of the California Court of Appeal, the bankruptcy court and the district court, and prior to the decision of this Court, section 362 of the Bankruptcy Code had been enacted, we would still be bound to apply section 362 and not the Bankruptcy Act as construed by *Mid–Jersey*. *See*

*United States v. The Schooner Peggy*, 5 U.S. (1 Cranch) 103, 2 L.Ed. 49 (1801).

In view of our holding that it was not *Borman* but the enactment of the Code that changed the law, it is unnecessary for us to consider Lai's argument that we should not apply *Borman* retroactively, or the effect of the Supreme Court's recent decision in *James B. Beam Distilling Co. v. Georgia*, — U.S. —, 111 S.Ct. 2439, 115 L.Ed.2d 481 (1991) addressing that issue.

Citing our decision in *In re James*, the district court suggests in its opinion that even if *Borman* applies "retroactively" and the state court orders were entered in violation of the automatic stay, Raymark's only recourse was to seek a grant of certiorari from the Supreme Court of the United States once the Supreme Court of California denied review of its appeal. In *James* the bankruptcy and district courts had examined the *merits* of the state court action, and we noted that Supreme Court precedent and considerations of comity require a litigant to seek redress directly from the Supreme Court of the United States when a state court refuses to obey a stay issued after a review of the merits of a state court's action. *In re James*, 940 F.2d at 52.

We then went on to explain the distinction between a *stay* of state court proceedings on the merits and the *vacation* of a state court judgment because it was void *ab initio*. *Id.* at 52. We observed that a bankruptcy court "possess[es] the power to enjoin a pending state action that violates the automatic stay," *id.*, and set out the following general principle:

> [O]nce validly entered in a court of competent jurisdiction, a judgment is considered valid until overturned or vacated by that court or an appellate court with supervisory powers over that court's system.
>
> There appears to be only one exception to this hard and fast rule of federal-state comity, and it comes into play only when the state proceedings are considered a legal nullity and thus void *ab initio*. A federal bankruptcy court may intervene only when the state proceedings are void *ab initio;* it lacks the power where it simply disagrees with the result obtained in an otherwise valid proceeding.
>
> The distinction between a void judgment and one that is erroneously decided is crucial:
>
> A void judgment is to be distinguished from an erroneous one, in that the latter is subject only to direct attack. A void judgment is one which, from its inception, was a complete nullity and without legal effect. In the interest of

finality, the concept of void judgments is narrowly construed.

*Id.* at 52 (citation omitted) (quoting *Lubben v. Selective Serv. Sys. Local Bd. No. 27*, 453 F.2d 645, 649 (1st Cir.1972) (footnote omitted)). Since the district court based its decision to vacate the state court judgment on its view that the state court erroneously decided the merits, and not because the state court lacked jurisdiction under the automatic stay, we held that the district court's decision must be reversed because "[s]uch federal collateral review of a state proceeding is inappropriate." *Id.*

Here, the bankruptcy court has the power to vacate the decision of the California Court of Appeal dismissing Raymark's appeal because actions taken in violation of the automatic stay are void *ab initio*. *See Kalb v. Feuerstein*, 308 U.S. 433, 438–40, 60 S.Ct. 343, 345–46, 84 L.Ed. 370 (1940); *In re Ward*, 837 F.2d 124, 126 (3d Cir.1988). "Because a void judgment is null and without effect, the vacating of such a judgment is merely a formality and does not intrude upon the notion of mutual respect in federal-state interests." *In re James*, 940 F.2d at 52. Raymark did not ask the bankruptcy court to review the merits of the California proceeding but only to examine its jurisdictional underpinnings in light of the automatic stay. Therefore, the bankruptcy court had the power to and should have vacated the California Court of Appeal's order dismissing Raymark's appeal for lack of prosecution.

### V.

For these reasons, we will reverse the district court's order and remand to the district court with instructions to remand the case to the bankruptcy court with instructions to vacate the September 4, 1990 order of the California Court of Appeal dismissing Raymark's appeal.