FARMER, Judge,
specially concurring.
I agree with the disposition of this case and write only to address the filing of bankruptcy proceedings affecting one of the parties to this appeal. In this case the creditor sued appellees and obtained a money judgment against them, which the trial court later set aside as relief from a default. The creditor then took an appeal from the order setting aside the judgment. After the appeal had been docketed here, one of the appellees filed a voluntary petition for relief under the Bankruptcy Code. In our disposition of this appeal, we have “granted” a stay of this appeal against the debtor in the bankruptcy case.
We have no discretion to grant or deny a stay of legal proceedings against a debtor who has sought relief under the Bankruptcy Code. The stay against all proceedings against the bankruptcy debtor is automatic and self executing, and it applies against all “entities”, which includes all state and federal non-bankruptcy courts. See 11 U.S.C. § 362(a); Maritime Electric Co. v. United Jersey Bank, 959 F.2d 1194, 1206 (3rd Cir.1992). The automatic stay of section 362(a) operates even against an appeal brought by the debtor himself from a money judgment against him, Sheldon v. Munford Inc., 902 F.2d 7 (7th Cir.1990), so it surely operates also against an appeal brought by his judgment creditor from an order vacating the money judgment.
Our granting of the stay of the appeal against the bankruptcy debtor is entirely superfluous. The appeal is stayed as it concerns him, whether we agree with the stay or not.