**In re Thomas E. MOLLO d/b/a Centre Footcare and Holly D. Mollo, Debtors.**

**Thomas E. Mollo d/b/a Centre Footcare and Holly D. Mollo, Objectants,**

v.

**United States Treasury Department, Internal Revenue Service, Respondent.**

**No. 1–03–05489MDF.**

United States Bankruptcy Court, M.D. Pennsylvania.

Nov. 9, 2004.

Donald M. Hahn, Bellefonte, PA, for Debtors.

## *OPINION*

MARY D. FRANCE, Bankruptcy Judge.

### Procedural and Factual History

Before me is the objection of Thomas and Holly Mollo ("Debtors") to a proof of

claim filed by the Internal Revenue Service ("IRS"). Debtors argue that the claim should be stricken because the lien on which the claim is based was created when the automatic stay was in effect in Debtors' prior bankruptcy case. The relevant facts are as follows.

On December 13, 1997, Debtors filed a case under Chapter 13 of the Bankruptcy Code, which later converted to Chapter 7 ("the 1997 case"). Debtors received their discharge on January 16, 2001, and the Chapter 7 trustee filed a final report in a no-asset case on March 7, 2001. The 1997 case was closed on October 30, 2001, but thirty days prior to the closing, the IRS filed a notice of federal tax lien in state court based on unpaid trust fund taxes totaling $62,829.55.

Debtors filed the instant Chapter 13 bankruptcy case on September 18, 2003. On November 17, 2003, the IRS filed a proof of claim stating it was secured in an amount of $83,491.00 based on the October 1, 2001 notice of tax lien. Debtors object to the secured status of the claim because the lien was filed before the 1997 bankruptcy case was closed. The parties have filed briefs in the matter, and it is ready for decision.[1]

### *Discussion*

■ Upon the filing of a bankruptcy petition, 11 U.S.C. § 362 imposes an automatic stay against certain actions by creditors. Section 362 provides, in pertinent part, as follows:

(a) Except as provided in subsection (b) of this section, a petition filed under section 301, 302, or 303 of this title, . . . operates as a stay, applicable to all entities, of—

(4) any act to create, perfect, or enforce any lien against property of the estate;

(5) any act to create, perfect, or enforce against property of the debtor any lien to the extent that such lien secures a claim that arose before the commencement of the case under this title

\*　　\*　　\*　　\*　　\*　　\*

(c) Except as provided in subsections (d), (e), and (f) of this section—

(1) the stay of an act against property of the estate under subsection (a) of this section continues until such property is no longer property of the estate; and

(2) the stay of any other act under subsection (a) of this section continues until the earliest of—

(A) the time the case is closed;

(B) the time the case is dismissed; or

(C) if the case is a case under chapter 7 of this title concerning an individual or a case under chapter 9, 11, 12, or 13 of this title, the time a discharge is granted or denied.

11 U.S.C.A. § 362.

■ In the instant case, Debtors argue that the IRS lien is void because it was filed while the automatic stay was in effect in their 1997 bankruptcy case. Debtors are correct that actions taken in violation of the stay are void. *See Raymark Industries v. Lai,* 973 F.2d 1125, 1132 (3d Cir.1992). If the IRS filed its lien before the automatic stay terminated, its lien is void. *In re Weisberger,* 205 B.R. 727 (Bankr.M.D.Pa.1997). Although I agree with the point of law advanced by

---

1. I have jurisdiction to hear this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter is core pursuant to 28 U.S.C. § 157(b)(2)(A),(B) and (O). This Opinion constitutes findings of fact and conclusions of law made under Fed. R. Bankr.P. 7052.

Debtors, I disagree with its application to the facts in this case.

 Section 362(c) describes when the stay terminates as to property of the estate and when it terminates as to property of the debtor. The stay *against property of the estate* terminates when the property is no longer part of the estate. 11 U.S.C. § 362(c)(1). The stay *of any other act under Section 362(a)*, which includes the creation of liens against property of the debtor, terminates in a Chapter 7 case when one of the following events occurs— closure of the case, dismissal of the case, or entry of the debtor's discharge. Therefore, the filing of the lien would not violate the stay if the property subject to the lien were no longer property of the estate and the Debtors had received their discharge.

In their schedules, Debtors' claimed as exempt their interest in real property in Centre County, Pennsylvania and in numerous items of personal property. "Unless the trustee or another party in interest objects to the debtor's claimed exemptions within the thirty-day period following the creditors' meeting or the amendment, the property claimed as exempt by the debtor is exempt." *Taylor v. Freeland and Kronz,* 938 F.2d 420, 423 (3rd Cir.1991). As a corollary to this principle, once property is exempted it is "no longer considered property of the bankruptcy estate." *Id.* The Chapter 7 trustee filed an objection to Debtors' exemptions, but the objection was withdrawn on March 9, 2001. Therefore, after the trustee's objection was withdrawn, the property claimed as exempt in the schedules was abandoned back to Debtors and no longer was property of the estate. Thus, to the extent that the IRS lien attached exempt property, creation of the lien did not violate Section 362(a)(4).

Section 362(a)(5) prohibits acts to create a lien against property of the debtor to the extent that the lien secures a prepetition claim. In a Chapter 7 case, the stay prohibiting the creation, perfection or enforcement of a lien against property of the debtor continues only until the time a discharge is granted. 11 U.S.C. § 362(c)(2)(C). In the instant case, the discharge had been granted prior to the filing of the tax lien. Thus, creation of the lien did not violate Section 362(a)(5).

For these reasons, both the lien and the proof of claim based on it are valid. The objection to proof of claim is overruled. An appropriate order follows.