682 F.2d 446
 7 Collier Bankr.Cas.2d 137, 9 Bankr.Ct.Dec. 462
 ASSOC. OF ST. CROIX CONDOMINIUM OWNERS
v.
ST. CROIX HOTEL CORP.
ASSOC. OF ST. CROIX CONDOMINIUM OWNERS
v.
The ST. CROIX HOTEL CORP.
Appeal of ST. CROIX HOTEL CORPORATION.
ASSOC. OF ST. CROIX CONDOMINIUM OWNERS
v.
ST. CROIX HOTEL CORP.
ASSOC. OF ST. CROIX CONDOMINIUM OWNERS
v.
The ST. CROIX HOTEL CORP.
Appeal of ASSOCIATION OF ST. CROIX CONDOMINIUM OWNERS.
 Nos. 81-2992, 81-2993.
 United States Court of Appeals,
Third Circuit.
 Argued April 30, 1982.
Decided July 6, 1982.
As Amended July 9, 1982.
 
 Warner Alexander (argued), Christiansted, St. Croix, V. I., for appellant-cross appellee St. Croix Hotel Corp.
 Joel H. Holt (argued), Law Offices of Joel H. Holt, Christiansted, St. Croix, U. S. V. I., for appellee-cross appellant Ass'n of St. Croix Condominium Owners.
 Before GARTH, ROSENN and HIGGINBOTHAM, Circuit Judges.
 OPINION OF THE COURT
 GARTH, Circuit Judge.
 
 
 1
 This is an appeal from a final order of the district court affirming in part, and vacating and remanding in part, the judgment of the Virgin Islands Territorial Court. In an action on a lease by the Association of St. Croix Condominium Owners (the Association), the Territorial Court awarded the Association $2,147.31 in past due rent and water charges and ordered the eviction of St. Croix Hotel Corp. for its failure to comply with its obligation to maintain the leasehold premises. The Territorial Court, however, awarded the Hotel $1,800 on its counterclaim. After both parties made applications for attorneys' fees and costs, the Territorial Court awarded the Association $1,545.00 in fees and costs, but did not make an award to the Hotel.
 
 
 2
 On appeal, the District Court of the Virgin Islands vacated the order of eviction and remanded the question of the Hotel's continued possession for a determination as to whether the Hotel had remedied the breach of its maintenance obligation prior to judgment, so as to come within the protective provision of V.I. Code Ann. tit. 28, § 292(a).[1] In addition, since the Territorial Court did not set forth its reasons for denying attorney's fees to the Hotel, although the Hotel had prevailed on its counterclaim, see V.I. Code Ann. tit. 5, § 541(b), the District Court remanded that question for an articulation by the Territorial Court. Both parties then appealed to this court.
 
 
 3
 When the briefs of the parties were filed with this court, it was revealed in one brief that a petition for reorganization under chapter 11 of the Bankruptcy Code had been filed by the Hotel. There was no other mention of the bankruptcy proceedings in the record. We requested supplementary memoranda on the effect of the bankruptcy proceeding on the instant action, particularly in light of the automatic stay provision of section 362 of the Bankruptcy Code, 11 U.S.C. § 362 (Supp. II 1978). Such memoranda were filed by counsel. After reviewing the memoranda it remained unclear whether the bankruptcy judge had entered an order granting relief from any automatic stay that might have gone into effect pursuant to section 362. Upon inquiry to counsel, we were informed that no order of the Bankruptcy Court appears in the record.
 
 Section 362 provides:
 Automatic stay
 
 4
 (a) Except as provided in subsection (b) of this section, a petition filed under section 301, 302, or 303 of this title operates as a stay, applicable to all entities, of-
 
 
 5
 (1) the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title.
 
 
 6
 11 U.S.C. § 362 (Supp. II 1978) (emphasis added). Section 362(d) provides that upon request of "a party in interest" the court can grant relief from the stay after notice and a hearing. Id. § 362(d).
 
 
 7
 In explaining the purpose of the automatic stay, the House Report accompanying the Bankruptcy Reform Act of 1978 states:
 
 
 8
 The automatic stay is one of the fundamental debtor protections provided by the bankruptcy laws. It gives the debtor a breathing spell from his creditors. It stops all collection efforts, all harassment, and all foreclosure actions. It permits the debtor to attempt a repayment or reorganization plan or simply to be relieved of the financial pressures that drove him into bankruptcy.
 
 
 9
 The automatic stay also provides creditor protection. Without it, certain creditors would be able to pursue their own remedies against the debtor's property. Those who acted first would obtain payment of the claims in preference to and to the detriment of other creditors....
 
 
 10
 Subsection (a) defines the scope of the automatic stay, by listing the acts that are stayed by the commencement of the case. The commencement or continuation, including the issuance of process, of a judicial, administrative, or other proceeding against the debtor that was or could have been commenced before the commencement of the bankruptcy case is stayed under paragraph (1). The scope of this paragraph is broad. All proceedings are stayed, including arbitration, license revocation, administrative, and judicial proceedings. Proceeding in this sense encompasses civil actions as well, and all proceedings even if they are not before governmental tribunals.
 
 
 11
 H.R.Rep.No.95-595, 95th Cong., 1st Sess. 340 (1977), reprinted in 1978 U.S.Code Cong. & Ad.News 5787, 5963, 6296-97.
 
 
 12
 Under the old Bankruptcy Act, a debtor apparently could waive a stay. Under the new Code, relief from a stay must be authorized by the Bankruptcy Court to prevent certain creditors from gaining a preference for their claims against the debtor; to forestall the depletion of the debtor's assets due to legal costs in defending proceedings against it; and, in general, to avoid interference with the orderly liquidation or rehabilitation of the debtor. Because it is the bankruptcy judge who is the most knowledgeable about the debtor's affairs, and about the effect that any judicial proceeding would have on the debtor's reorganization, it is essential that he make the determination as to whether an action against the debtor may proceed or whether the stay against such actions should remain in effect.
 
 
 13
 Section 362 by its terms only stays proceedings against the debtor. The statute does not address actions brought by the debtor which would inure to the benefit of the bankruptcy estate. The section does not indicate whether a stay becomes operative when the trial phase of a proceeding against a debtor has already concluded prior to the filing of the petition in bankruptcy, and the debtor or his adversary takes an appeal. It might be argued that whether an appeal is stayed by section 362 should be determined by whether the appeal is taken "by" or "against" the debtor, i.e., whether the debtor is the appellant or appellee. We reject this approach. Its inadequacy is demonstrated by this case, in which both the debtor Hotel and the Association appealed from the district court judgment. Although the Hotel, in its appeal, ostensibly seeks to preserve assets for the bankruptcy estate by forestalling its eviction and the payment of a money judgment and attorneys' fees, the Association, in its cross-appeal, seeks to regain possession and thus in effect to divest the estate of those assets. The potential disruption of the administration of the bankruptcy estate that would be caused by the Association's success in its cross-appeal is precisely the result section 362 was designed to prevent. Since it would be unwise in the circumstances of this case, to stay only one of the two appeals before us, we thus stay both.[2]
 
 
 14
 In our view, section 362 should be read to stay all appeals in proceedings that were originally brought against the debtor, regardless of whether the debtor is the appellant or appellee. Thus, whether a case is subject to the automatic stay must be determined at its inception. That determination should not change depending on the particular stage of the litigation at which the filing of the petition in bankruptcy occurs.
 
 
 15
 Under this test, the instant appeals, since they arise out of an eviction proceeding brought against the debtor Hotel, are subject to the automatic stay imposed by section 362. Since the Bankruptcy Court has not entered an order granting relief from the stay, we hold that section 362 prevents us from proceeding with this appeal.[3]
 
 
 16
 We will therefore enter an order staying the instant appeal in this court. We will also direct the district court to similarly respect the stay provision of section 362, by staying all proceedings in that court and by taking such further actions as it deems appropriate to implement our decision.
 
 
 17
 The order which we will enter staying this proceeding is without prejudice to the rights of the parties to apply to the Bankruptcy Court for relief from the provisions of section 362, and for such additional relief as they may deem necessary and consistent with this opinion.
 
 
 
 [1]
 Section 292(a) among other things provides that, if before judgment the lessee has performed all of its covenants, it may continue in possession under its lease
 
 
 [2]
 Difficulties with the "appellant-appellee" approach to section 362 would arise even if only one party appealed. We can hypothesize an appeal by a debtor from an adverse judgment rendered in an action brought against it by one of its creditors. If the appeal is permitted because it is an appeal "by" the debtor, and the debtor prevails on the appeal, we question the effect of such an interpretation if the creditor decides to bring the case to a higher court. Is this second level of appeal then stayed because the appeal is now one "against" the debtor? The unfairness of such an approach is obvious
 
 
 [3]
 Because we do no more than stay this action until the Bankruptcy Court has acted, if it does, we express no view whatsoever as to the merits of the appeal argued before us