KRUPANSKY,
Circuit Judge.
These consolidated asbestos actions join inquiry into the application of the automatic stay of proceeding imposed by 11 U.S.C. § 362(a) to appellate proceedings wherein Johns-Manville Sales Corporation (J-M) appears as a party in interest. Each underlying action asserts a claim for damages against J-M and others for an injury allegedly sustained from exposure to asbestos fibers contained in products manufactured or sold by the defendants. Each action was pending in this Court on August 26,1982 on which date J-M filed a voluntary petition for reorganization under Chapter 11 of the Bankruptcy Code, 11 U.S.C. § 1101 et seq., in the United States Bankruptcy Court for the Northern District of New York. Presently before the Court is J-M’s motion in each action to stay further appellate proceedings.
Section 362(a) automatically stays all proceedings against the debtor:
§ 362. Automatic stay
(a) Except as provided in subsection (b) of this section, a petition filed under section 301, 302, or 303 of this title operates as a stay, applicable to all entities, of—
(1) the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title.
11 U.S.C. § 362(a). Accordingly, the filing of J-M’s petition for reorganization served to automatically stay the “continuation” of all “judicial” “proceeding[s]” “against the debtor”. It is beyond peradventure that the instant appeals are continuations of judicial proceedings. Indeed, the bankruptcy court presiding over J-M’s petition has acknowledged that the automatic stay of proceeding is applicable at both the trial and appellate levels. See: In re Johns-Manville Corporation, et al, 26 B.R. 405, adversary-proceeding No. 82-6221A, Decision No. 1, and adversary proceeding 26 B.R. 420 (Bkrtcy.S.D.N.Y.1983). Similarly, the bankruptcy court presiding over a petition for reorganization filed by Unarco Industries, Inc. (Unarco), a defendant in thousands of asbestos actions pending nationwide, has proclaimed that the stay of proceedings against Unarco operates at the appellate level. See: In re UNR Industries, Inc., 23 B.R. 144 (Bkrtcy.N.D.Ill.1982).
Since the instant appeals are continuations of judicial proceedings, the only pertinent inquiry is whether such proceedings are “against the debtor.” 11 U.S.C. § 362(a). In at least one of the present consolidated appeals, Bunch, et al. v. JohnsManville Sales Corporation, et al., the district court awarded damages against J-M who subsequently perfected an appeal.[1] The Bunch plaintiffs contend that J-M’s voluntary perfection of the instant appeal can only adhere to the benefit of J-M’s estate and that, accordingly, said proceeding is not “against the debtor”. Confronting the construction of the term “against the debtor” within the meaning of 11 U.S.C. *62 § 362(a), this Court concludes that satisfaction of that criteria must be ascertained from an examination of the debtor’s status at the initial proceeding. The Third Circuit has cogently provided the following unassailable rationale:
In our view, section 362 should be read to stay all appeals in proceedings that were originally brought against the debt- or, regardless of whether the debtor is the appellant or appellee. Thus, whether a case is subject to the automatic stay must be determined at its inception. That determination should not change depending on the particular stage of the litigation at which the filing of the petition in bankruptcy occurs.
* * * * * *
2. Difficulties with the “appellant-ap-pellee” approach to section 362 would arise even if only one party appealed. We can hypothesize an appeal by a debtor from an adverse judgment rendered in an action brought against it by one of its creditors. If the appeal is permitted because it is an appeal “by” the debtor, and the debtor prevails on the appeal, we question the effect of such an interpretation if the creditor decides to bring the case to a higher court. Is this second level of appeal then stayed because the appeal is not one “against” the debtor? The unfairness of such an approach is obvious.
Association of St. Croix Condominium Owners v. St. Croix Hotel, 682 F.2d 446, 449 (3d Cir.1982). It would be anomalous for this Court to adjudge that the instant appeal is not “against the debtor” and therefore not subject to the automatic stay when it is undisputed that, should the merits of the appeal be reached and the action remanded for a new trial, the stay of proceeding would then attach since J-M would have been returned to its initial status of defendant. It is inconceivable that Congress intended or envisioned construction of the phrase “against the debtor” to oscillate in any given judicial proceeding depending upon which stage of trial the action had progressed on the date of the filing of the bankruptcy petition. In the actions at bar J-M’s initial status as defendant satisfies the “against the debtor” criteria of § 362(a).
All criteria of § 362(a)(1) have been satisfied. The automatic stay of proceedings imposed by § 362(a) is inapplicable only when one of the eight criteria enumerated in § 362(b) is demonstrated. It has not been contended in these appeals, nor does it appear, that any category of § 362(b) applies. Therefore the automatic and mandatory stay of § 362(a) attaches to the instant appellate proceedings. Accord: Austin v. Unarco Industries, Inc., No. 82-116B (1st Cir. Aug. 5, 1982) (order). Contra: Hendrix v. Raybestos-Manhattan, Inc., No. 82-8538 (11th Cir. Dec. 22, 1982) (order), reh. denied, Jan. 28, 1982; Jackson v. Johns-Manville Sales Corporation, No. 82-4288 (5th Cir. Feb. 7,1983) (order); Shop in the Grove, Ltd. v. Union Fed. Savings & Loan Association, 425 So.2d 1138 (Fla.App. 1982).
A party in interest may seek relief from the automatic stay of § 362(a):
(d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay—
(1) for cause, including the lack of adequate protection of an interest in property of such party in interest; or
(2) with respect to a stay of an act against property, if—
(A) the debtor does not have an equity in such property; and
(B) such property is not necessary to an effective reorganization.
11 U.S.C. § 362(d). The legislative history of § 362(d) unambiguously identifies the bankruptcy court as the exclusive authority to grant relief from the stay:
Section 362(d) of the House amendment represents a compromise between comparable provisions in the House bill and Senate amendment. Under section 362(d)(1) of the House amendment, the *63 court may terminate, annul, modify, or condition the automatic stay for cause, including lack of adequate protection of an interest in property of a secured party. It is anticipated that the Rules of Bankruptcy Procedure will provide that those hearings will receive priority on the calendar. Under section 362(d)(2) the court may alternatively terminate, annul, modify, or condition the automatic stay for the cause including inadequate protection for the creditor. The court shall grant relief from the stay if there is no equity and it is not necessary to an effective reorganization of the debtor.
House Report No. 95-595, U.S.Code Cong. & Admin.News 1978, p. 5787, Notes of Committee on the Judiciary. Accord: In re Holtkamp, 669 F.2d 505, 507 (7th Cir.1982) (§ 362(d) “commits the decision of whether to lift the stay to the discretion of the bankruptcy judge”); In re Belated Asbestos Cases, 23 B.R. 523, 526 (N.D.Cal.1982) (“the original bankruptcy courts alone should have exclusive power to lift an actual stay under section § 362”); Elliott v. Hardison, 25 B.R. 305, 308 (E.D.Va.1982); In re Frigitemp Corp., 8 B.R. 284 (S.D.N.Y.1981); 1A Collier on Bankruptcy, ¶ 11.06 at 1164 (4th ed.). Because this Court possesses no authority to grant relief from the automatic stay of proceedings, the equitable considerations advanced on appeal by J-M’s adversaries, while compelling, are directed to the improper forum.[2] Relief from the stay may only be achieved in accordance with the statutory mechanism established by Congress. Other asbestos plaintiffs have recognized the exclusive authority of the bankruptcy court presiding over J-M’s petition to annul the stay of proceedings and have successfully petitioned for that precise relief. See: Beatrice Hansen v. Johns-Manville Sales Corp., No. 82-6450A (Bkrtcy.S.D. N.Y.1982); Johns-Manville Sales Corp. v. Edward Janssens, et al., (Bkrtcy.S.D.N.Y. 1982). This Court must comport to the congressional mandate and honor the automatic stay until such time as the instant proceedings may proceed in a manner consistent with the statutory framework.[3]
Accordingly, further proceedings in the instant actions are hereby STAYED until such time as they may be ordered to continue in a manner consistent with the Code.

. In Robert and Edna Bunch v. Johns-Manville Sales Corporation, No. 82-5433, a jury trial resulted in the following awards: (1) $280,000 compensatory damages for Robert Bunch; (2) $140,000 compensatory damages for Edna Bunch; (3) $220,000 punitive damages for Robert Bunch. Entertaining J-M’s motion for a new trial or judgment notwithstanding the ver-diet, the district court sustained the award of compensatory and punitive damages to Robert Bunch, but granted a new trial on Edna Bunch’s consortium claim conditioned on her refusal to accept a remittitur of $90,000. From this judgment J-M appealed. Plaintiffs Robert and Edna Bunch filed, and then dismissed, a notice of cross-appeal.

. It is submitted, inter alia, that plaintiffs may die without receiving compensation long overdue, that J-M will be unfairly benefited by receiving additional time in which to tender compensation, and that, in Bunch, J-M’s estate can only be appreciated by a continuation of appellate proceedings and that, therefore, there is no justification for delay.

. For example, the automatic stay of § 362(a) may expire by its own terms under 11 U.S.C. § 362(c) (case is closed, dismissed, or discharge is granted), or relief from the stay may be granted by the bankruptcy court under 11 U.S.C. § 362(d).