891 F.2d 291
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
NATIONWIDE POWER CORPORATION, a Florida Corporation,
Plaintiff-Appellant Cross-Appellee,
v.
LITTON INDUSTRIAL AUTOMATION SYSTEMS, INC., a Delaware
Corporation; Defendant-Appellee Cross-Appellant,
Jaffe, Snider, Raitt & Heuer, et al., Defendants.
 Nos. 89-2093, 89-2145.
 United States Court of Appeals, Sixth Circuit.
 Dec. 7, 1989.
 
 Before KEITH and ALAN E. NORRIS, Circuit Judges, and JOHN W. PECK, Senior Circuit Judge.
 
 ORDER
 
 1
 This matter is before the Court in consideration of the responses filed to this Court's show cause order of October 2, 1989. Judgment was rendered for the plaintiff on August 15, 1989, and entered upon the district court's docket on August 21, 1989. Within ten days, on August 29, the defendant moved to alter or amend the order and for new trial. The plaintiff's notice of appeal was filed on September 14, while the defendant's motion was still pending. (Case No. 89-2093). On September 28 the defendant filed a notice of cross-appeal. (Case No. 89-2145). The defendant's motion was subsequently denied. However, an amended judgment was entered on October 18 which reduced the judgment by $1,347.50 as a result of sanctions imposed. No new notices of appeal have been filed.
 
 
 2
 A notice of appeal filed during the pendency of a timely motion made pursuant to Fed.R.Civ.P. 59 has no effect. See Fed.R.App.P. 4(a)(4). The plaintiff states in its response that it filed a petition in bankruptcy on August 15, 1989, and believed the defendant's subsequent motion to alter or amend was void under the automatic stay provision of 11 U.S.C. § 362. Consequently, the plaintiff filed a notice of appeal "for the sole purpose of protecting its appeal rights." The defendant responds that if the plaintiff's appeal is dismissed, its cross-appeal should also be dismissed.
 
 
 3
 It is well established that a notice of appeal filed during the pendency of a timely motion to alter or amend is of no effect. Griggs v. Provident Consumer Discount Co., 459 U.S. 56 (1982) (per curiam). We are not convinced that the filing of a motion to alter or amend violated the automatic stay. In determining whether § 362(a) prohibits an action "against the debtor" the status of the debtor at the initial proceeding is considered. See Cathey v. Johns-Manville Sales Corp., 711 F.2d 60, 62 (6th Cir.1983). The defendant's motion has been denied, and an amended judgment has been entered, thereby commencing a new period for appeal. We accordingly conclude that these appeals were prematurely filed.
 
 
 4
 It is therefore ORDERED that the appeal and cross-appeal in Case Nos. 89-2093 and 89-2145 are dismissed sua sponte.