BOWMAN, Circuit Judge.
Westark Specialties, Inc., (“Westark”) and Paul Henson appeal from a judgment entered in the District Court[1] awarding Don Farley $3,246,000.00 and Robert Mendenhall $351,110.00 in damages on their common law fraud and federal securities law claims against Westark and Henson. During the pendency of these appeals, both Westark and Henson have filed bankruptcy petitions.[2] Farley suggests that the appeals are stayed as a result of appellants’ bankruptcy filings. Westark and Henson counter that, because they brought these appeals, the appeals are not proceedings against the debtor, and therefore are not subject to the automatic stay of 11 U.S.C. § 362 (1988 & Supp. IV 1992). Athough other courts have addressed the issue of whether an appeal brought by a debtor from a judgment obtained against it as a defendant is stayed by the debtor’s bankruptcy, the issue is one of first impression for our Court. We conclude that such an appeal is stayed.
Section 362 provides that:
(a) Except as provided in subsection (b) of this section, a petition filed under section 301, 302, or 303 of this title ... operates as a stay, applicable to all entities, of—
(1) the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title[.]
11 U.S.C. § 362(a)(1). The purpose of the automatic stay is to give the debtor “a breathing spell from his creditors” in which he may “attempt a repayment or reorganization plan.” H.R.Rep. No. 595, 95th Cong., 1st Sess. 340 (1977), reprinted in 1978 U.S.C.C.A.N. 5787, 5963, 6296-97. The automatic stay also protects creditors by averting a scramble for the debtor’s assets and promoting instead “an orderly liquidation procedure under which all creditors are treated equally.” Id. at 340, reprinted in 1978 U.S.C.C.A.N. at 6297.
Because the automatic stay applies to “the commencement or continuation ... of a judicial ... proceeding against the debtor,” 11 U.S.C. § 362(a)(1), it is well established that it does not apply to a proceeding brought by the debtor that inures to the benefit of the debtor’s estate. Merchants & Farmers Bank of Dumas, Ark. v. Hill, 122 *275 B.R. 539, 541 (E.D.Ark.1990), and eases cited therein. The question then arises whether an appeal brought by a debtor from a judgment obtained against it as a defendant is a “continuation” of a “proceeding against the debtor,” and therefore subject to the automatic stay, or whether it may be viewed as an independent proceeding brought by the debtor. There is some state court authority for the proposition that such an appeal is not a proceeding against the debtor and therefore is not subject to the automatic stay. For example, in Southern Bank & Trust Co. v. Harley, 295 S.C. 423, 368 S.E.2d 908, 909 (1988), the South Carolina Supreme Court held that, since the debtors’ appeals could not “result in a dimunition [sic] of the estates,” the automatic stay did not apply.
At least six federal circuits, however, have held that an appeal by a debtor in a case in which the debtor originally was the defendant is a “continuation” of a “proceeding against the debtor” and thus is subject to the automatic stay. Ingersoll-Rand Fin. Corp. v. Miller Mining Co., 817 F.2d 1424, 1426 (9th Cir.1987); Teachers Ins. & Annuity Ass’n of Am. v. Butler, 803 F.2d 61, 65 (2d Cir.1986); Marcus, Stowell & Beye Gov’t Sec., Inc. v. Jefferson Inv. Corp., 797 F.2d 227, 230 n. 4 (5th Cir.1986); Cathey v. Johns-Manville Sales Corp., 711 F.2d 60 (6th Cir.1983); Association of St. Croix Condominium Owners v. St. Croix Hotel Corp., 682 F.2d 446 (3d Cir.1982); Sheldon v. Munford, Inc., 902 F.2d 7 (7th Cir.1990) (holding that, even though the bankrupt has filed a supersedeas bond, his creditors have a stake in the outcome of the appeal and the appeal therefore is stayed). Under these decisions, whether a case is subject to the automatic stay is determined “from an examination of the debtor’s status at the initial proceeding.” Cathey, 711 F.2d at 62. We believe that these decisions are correct and join our sister circuits in holding that an appeal brought by a debtor from a judgment obtained against it as a defendant is subject to the automatic stay.
Several factors support our decision. First, the plain language of § 362(a)(1) appears to compel this result. It would strain the language of the statute to suggest that an appeal by a debtor from a judgment obtained against the debtor as defendant is not a “continuation” of a judicial “proceeding against the debtor.” See Cathey, 711 F.2d at 61 (“It is beyond peradventure that the instant appeals are continuations of judicial proceedings.”). Second, the policies underlying the automatic stay are implicated even though the debtor, by bringing the appeal, seeks to escape or mitigate the adverse judgment. See Sheldon, 902 F.2d at 8-9 (noting that the policies behind the automatic stay are implicated because the estate has an interest in the outcome of the appeal and suggesting that the bankruptcy court should ensure that the debtor is adequately represented in the appeal).
Finally, to apply or not apply the automatic stay depending upon whether an appeal was taken “against” or “by” a debtor would be impractical and unworkable. Under such an approach, a debtor’s appeal in a case originally brought against it as defendant would not be stayed, yet any cross-appeal by the plaintiff would be stayed. See Association of St. Croix Condominium Owners, 682 F.2d at 449. Moreover, even absent a cross-appeal, if the debtor prevailed in an appeal from a judgment obtained against it as defendant, both the filing of a petition for rehearing or for certiorari by the debtor’s adversary and any proceedings required upon a remand would be stayed, since both would be “proceeding[s] against the debtor.” See Cathey, 711 F.2d at 62; Association of St. Croix Condominium Owners, 682 F.2d at 449 n. 2. We can not believe that Congress intended that the applicability of the automatic stay should depend upon “which party is ahead at a particular stage in the litigation.” Teachers Ins. & Annuity Ass’n of Am., 803 F.2d at 65.
We therefore hold that these appeals are stayed by the provisions of 11 U.S.C. § 362(a)(1). Of course, any of the parties to these appeals may apply to the bankruptcy court for relief from the stay pursuant to the provisions of 11 U.S.C. § 362(d) (1988). Only the bankruptcy court may grant relief from the automatic stay. The parties are directed to inform this Court when the stay is lifted *276 or when it lapses. These appeals then may proceed.

. The Honorable H. Franklin Waters, Chief United States District Judge for the Western District of Arkansas.

. Apparently, Westark and Henson could not afford to post supersedeas bonds and therefore resorted to bankruptcy in order to protect their assets against execution during the pendency of these appeals.