In re Odd LYNGHOLM, Debtor.

Michael Dean CHAUSSEE, Appellant,

v.

Odd LYNGHOLM, Appellee.

No. 93–1288.

United States Court of Appeals, Tenth Circuit.

May 9, 1994.

Robert M. Duitch and Dean T. Ogawa of Duitch & Ogawa, Colorado Springs, CO, for appellant.

John C. Smiley of Lindquist, Vennum & Christensen, Denver, CO, for appellee.

Before LOGAN, SETH and BARRETT, Circuit Judges.

LOGAN, Circuit Judge.

This is an appeal from the district court's order reviewing and affirming action of the bankruptcy court. Appellant Michael Dean Chaussee (Creditor) argues on appeal that the bankruptcy and district courts improperly relied upon a judgment of the Colorado Court of Appeals entered in violation of the 11 U.S.C. § 362 automatic stay provision, and that the courts inappropriately liquidated and allowed his bankruptcy claim at zero.[1]

Four Strong Winds, Inc.,[2] agreed to sell several rental properties in Estes Park, Colorado, to appellee Odd Lyngholm (Debtor). Debtor executed three promissory notes in order to finance the transaction. The following year Debtor failed to make required payments and Creditor foreclosed on the property on the basis of one of the promissory notes, and it was sold to him at a public trustee's sale. Several months later, Creditor brought a civil action in Colorado state court to collect on two of the promissory notes. Because the state district court found Creditor's bid at the foreclosure sale to be less than what it should have been, it made a corresponding deduction while still entering a sizable judgment for Creditor. Debtor filed a notice of appeal, and shortly thereafter filed for Chapter 11 bankruptcy.

Creditor apparently filed a claim in the bankruptcy court based on the state district court's judgment, and Debtor listed Creditor's claim on his schedule as a disputed claim. See Appellant's App. 308. Debtor obtained permission of the court to hire counsel to brief and continue his appeal in the state court system, but never obtained a formal order lifting the automatic stay. More than a year later the court of appeals issued a judgment reversing the trial court and remanding with instructions as to the proper method for valuing Creditor's claim. *Four Strong Winds, Inc. v. Lyngholm*, 826 P.2d 414 (Colo.App.1992).

---

1. After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. *See* Fed.R.App.P. 34(f); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.

2. Mr. Chaussee was sole shareholder of Four Winds and its successor in interest; we refer to him and Four Winds interchangeably as the "Creditor."

Shortly after the appellate ruling, Creditor sought relief from the § 362 stay, asking the bankruptcy court to allow the original Colorado trial court to liquidate the claim based upon the remand from the Colorado appeals court. Appellant's App. 173–74. The bankruptcy court denied Creditor's motion for relief from stay and his motion for reconsideration, deciding that it could liquidate the claim quickly and efficiently. The bankruptcy court then reviewed the records from the original Colorado trial court proceedings as well as the materials submitted to the Colorado Court of Appeals, entered findings of fact, conclusions of law and liquidated Creditor's claim at zero. The bankruptcy court relied upon the Colorado appellate decision, entered after the filing of bankruptcy, to structure and guide its analysis of Creditor's claim. Although the bankruptcy court heard no live testimony, it did hear argument from counsel on both sides. Creditor appealed to the district court, and the district court affirmed. This appeal followed.

## I

■ Creditor claims that the Colorado Court of Appeals decision, relied upon by the bankruptcy and district courts in their deliberations, is void as violative of the § 362 automatic stay.[3] Section 362 provides that the filing of a bankruptcy petition operates as an automatic stay of:

> the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor

that arose before the commencement of the case under this title.

11 U.S.C. § 362(a)(1).

In *Ellis v. Consolidated Diesel Electric Corp.*, 894 F.2d 371 (10th Cir.1990), the debtor filed for bankruptcy and two weeks later a district court entered summary judgment for the defendant/debtor in a products liability action that had been commenced before the filing of bankruptcy. We held that the summary judgment order, entered after filing of bankruptcy, was void in violation of the automatic stay of § 362. Quoting with approval *Pope v. Manville Forest Products Corp.*, 778 F.2d 238 (5th Cir.1985), we held that "absent the bankruptcy court's lift of the stay, . . . a case such as the one before us must, as a general rule, simply languish on the court's docket until final disposition of the bankruptcy proceeding." *Ellis*, 894 F.2d at 373.

Six other circuits have held that filing bankruptcy automatically stays appellate proceedings in circumstances like that currently before us, where the *debtor* has filed an appeal. *See Farley v. Henson*, 2 F.3d 273, 275 (8th Cir.1993) (§ 362 applicable to appeal by defendant/debtor); *Ingersoll–Rand Finan. Corp. v. Miller Mining Co.*, 817 F.2d 1424, 1426 (9th Cir.1987) (same); *Commerzanstalt v. Telewide Sys., Inc.*, 790 F.2d 206, 207 (2d Cir.1986) (same); *Marcus, Stowell & Beye Gov't Sec., Inc. v. Jefferson Inv. Corp.*, 797 F.2d 227, 230 n. 4 (5th Cir.1986) (same); *Cathey v. Johns–Manville Sales Corp.*, 711 F.2d 60, 62 (6th Cir.1983) (same), *cert. denied*, 478 U.S. 1021, 106 S.Ct. 3335, 92 L.Ed.2d 740 (1986); *Association of St. Croix Condominium Owners v. St. Croix Hotel Corp.*, 682 F.2d 446, 449 (3d Cir.1982) (same). This circuit, however, has ruled to the contrary, that a trustee/debtor in possession may file an action or continue an action without court relief of the stay. *Autoskill,*

---

**3.** Debtor asserts that this issue was never raised or ruled upon at any stage in the proceedings below and characterizes Creditor's argument on appeal as a "blatant attempt at subterfuge" Appellee's Answer Brief at 7. Debtor's contention is disingenuous; the record contains numerous colloquies, involving both parties and both judges, discussing the time at which the automatic stay took effect and its impact, if any, on the challenged state appellate decision. *See, e.g.,* Appellant's App. 267–69, 276–78, 381, 383, 388–

89, 391. It is evident that the bankruptcy and district courts did not believe that 11 U.S.C. § 362 applied to the Colorado Court of Appeals proceedings. The bankruptcy court believed that if lifting the stay was necessary its approval of Debtor's hiring counsel to pursue the appeal served that purpose. *See* Appellant's App. 266, 268. In view of our analysis herein, we need not determine whether that action of the bankruptcy court effectively lifted the stay.

*Inc. v. National Educ. Support Sys., Inc.,* 994 F.2d 1476, 1486 (10th Cir.), *cert. denied,* — U.S. ——, 114 S.Ct. 307, 126 L.Ed.2d 254 (1993).

Our holding in *Autoskill* relied on the plain language of Bankruptcy Rule 6009, which provides that "[w]ith or without court approval, the trustee or debtor in possession may prosecute or may enter an appearance and defend any pending action or proceeding by or against the debtor, or commence and prosecute any action or proceeding in behalf of the estate before any tribunal." Fed. R.Bankr.P. 6009. *Collier on Bankruptcy* supports this position: "Finally, Rule 6009, along with Code section 362 itself, makes it clear that the automatic stay does not apply to the continued prosecution of actions by the trustee or debtor in possession. Those entities may continue to pursue litigation without leave of court (or release of stay under section 362)."[4] 8 R. Glen Ayers et al., *Collier on Bankruptcy* ¶ 6009.03, at 6009–3 (Lawrence P. King ed. 1994).

In the instant case, Debtor had filed a notice of appeal before he filed his bankruptcy petition. Debtor then acted as permitted by Rule 6009, and as we have approved in *Autoskill,* to file briefs and prosecute the appeal. The Colorado Court of Appeals decision is valid.

## II

■ We next consider Creditor's arguments against the bankruptcy court's liquidation of Creditor's claim. First, he asserts his claim was filed under 11 U.S.C. § 502(a) and Debtor did not contest its amount under § 502(b), but rather listed the claim as "disputed." At the time of Debtor's Chapter 11 filing Creditor's claim was in a liquidated amount, and Debtor had appealed in an attempt to reverse that decision. We cannot fault Debtor for treating the claim as disputed rather than uncertain in amount. In essence, the Colorado Court of Appeals decision, holding that the district court had valued Creditor's claim erroneously, left the claim unliquidated. Its opinion provided instructions for appropriately determining the claim's value.

Both parties considered the claim to be unliquidated after the appellate decision. This is evidenced by Creditor's Request and Motion for Relief from Stay in which it argued that the original state district judge should be the person who "liquidates" the claim, further stating that "once such judgment is liquidated in the State District Court, the [Creditor] will have a fully liquidated claim in this proceeding." Appellant's App. 173–74. When Debtor objected, the bankruptcy court denied Creditor's motion in favor of liquidating the claim itself under the authority of 11 U.S.C. § 502(b) and (c). The apparent basis was to avoid further delay and multiple subsequent proceedings.[5]

■ We agree that the bankruptcy court was not required to accept the claim at its pre-petition judgment amount of $219,580.83. The court could have allowed the claim to be liquidated in amount by the state district court, but we cannot hold that it was required to do so. Claims disputed in amount may be resolved by the bankruptcy court under § 502(b), and § 502(c)(1) contemplates it will resolve claim matters that "would unduly delay the administration of the case."

Creditor also argues that the bankruptcy court's valuation of its claim is clearly erroneous. The bankruptcy court did not take oral evidence in making its evaluation of Creditor's claim. Rather it reviewed the testimony in the state court proceedings, considered written appraisals submitted as evi-

---

4. The treatise also notes that: "For some reason, attorneys seem to think that the stay under 11 U.S.C. § 362 applies to the debtor as well as creditors. Some courts seem to agree. *See Ingersoll–Rand* ... holding that the stay under 11 U.S.C. § 362 stops the debtor from appealing an adverse judgment if the debtor was the defendant in the trial court." *Collier on Bankruptcy* at 6009–3 n. 7.

5. Acting on remand without participation of Debtor's counsel, in spite of notice that a § 362 stay was in effect, the state district court again liquidated Creditor's claim. Debtor, feeling compelled to protect his interests, filed a notice of appeal of that decision. The bankruptcy court also apparently believed that the state district court, on remand, had misconstrued the Colorado Court of Appeals opinion. *See* Appellant's App. 254–55.

dence, and heard arguments of counsel. From this it concluded that the value of the property Creditor received on the date of foreclosure was $540,000; that only $492,943.94 was owed Creditor, and hence the value of Creditor's claim against the estate was zero. After carefully reviewing the record, like the district court, we cannot find this to be clearly erroneous.

AFFIRMED.