Donald PENNINGTON, et al. *v.* HARVEST FOODS, INC.

95-732                                    929 S.W.2d 162

Supreme Court of Arkansas
Opinion delivered October 14, 1996

*Boswell, Tucker, Brewster & Hicks*, by: *Dennis J. Davis*, for appellants John Oldner; John Oldner, Inc.; and John Oldner Consulting Services, Inc., d/b/a John Oldner & Associates.

*Dodds, Kidd, Ryan & Moore,* by: *Charles Gregory Alagood,* for appellants Joel Tumblson, Sr., and Soundra Tumblson.

*David H. Williams,* for appellants Joel Tumblson, Jr., T.S.P., Inc., and Top Spread Potato, Inc.

*Wilson, Engstrom, Corum & Coulter,* by: *Stephen Engstrom, Gary D. Corum,* and *Nate Coulter,* for appellee Harvest Foods, Inc.

PER CURIAM. Appellee Harvest Foods, Inc., has moved to stay the appeal of Donald B. Pennington, et al., from a judgment in favor of Harvest Foods, Inc. The basis of the motion is § 362 of Title 11 of the United States Bankruptcy Code (Supp. II [1978]). In support of an earlier motion, Harvest Foods, Inc., supplied a copy of a United States Bankruptcy Court order indicating that Harvest Foods, Inc., had filed a bankruptcy petition and was the debtor in an ongoing proceeding before the Bankruptcy Court.

Section 362 provides for an automatic stay of all proceedings "against" the debtor. In support of its motion, Harvest Foods, Inc., cites *Association of St. Croix Condominium Owners* v. *St. Croix Hotel Corp.,* 682 F.2d 446 (3rd Cir. 1982), which contains this language:

> In our view, section 362 should be read to stay all appeals and proceedings that were originally brought against the debtor, regardless of whether the debtor is the appellant or appellee. Thus, whether a case is subject to automatic stay must be determined at its inception. That determination should not change depending on the particular stage of the litigation at which the filing of this petition in bankruptcy occurs.

In response to the motion for stay of the appeal, two of the appellants, Joel Tumblson and Soundra Tumblson, contend, and we agree, that the *St. Croix* case does not require a stay of an appeal when the proceeding on appeal was "originally brought" by the debtor. In the *St. Croix* case, the action was one "originally brought" against the debtor for eviction and damages. The debtor counterclaimed against the plaintiff for a monetary award and prevailed. Both parties appealed. Both appeals were stayed. The opinion does not address the question whether the debtor's counterclaim could be regarded as one "originally brought" by the debtor.

In the case now before us, the situation is the reverse of that presented in the *St. Croix* case. The action was "originally

brought" by Harvest Foods, Inc., rather than against it, and three of the original defendants, John Oldner, John Oldner, Inc., and John Oldner Consulting Services, Inc., d/b/a John Oldner and Associates (the Oldner appellants), counterclaimed against Harvest Foods, Inc. Their counterclaim was dismissed, and they have appealed. Unlike the Tumblsons, these appellants have no objection to the stay of their appeal. We grant the stay as to the appeal of the Oldner appellants.

When the debtor is the appellant, it is held that a stay is required if the action was originally brought against the debtor. *Farley* v. *Henson,* 2 F.3d 273 (8th Cir. 1993); *Cathey* v. *Johns-Manville Sales Corp.,* 711 F.2d 60 (6th Cir. 1983). When a debtor counterclaims against the plaintiff in initial proceedings, the counterclaim is not stayed by section 362, *Merchants & Farmers Bank of Dumas, Ark.* v. *United States of America,* 122 B.R. 539 (E.D. Ark. 1990), because the proceeding is not "against" the debtor.

We find no authority interpreting § 362 in a manner requiring us to stay the appeal of the judgment in favor of Harvest Foods, Inc. Although it might be said that the appeal in this case is "against" Harvest Foods, Inc., all of the authority of which we are aware holds that the initial proceedings, and not the appeal, constitute the reference point for determining whether the action is one "originally brought" against the debtor.

Motion for stay granted in part and denied in part.