David Humphreys, Luke Wallace, Stephen E. Chlouber, Fuller, Chlouber & Frizzell, L.L.P., Tulsa, Oklahoma, for Plaintiffs/Appellees.

John William Harker, Tulsa, Oklahoma, for Defendant/Appellant.

2005 OK CIV APP 71

**Michael KERR and Susan Kerr, Plaintiffs/Appellees,**

v.

**Monte ENGLAND, Defendant/Appellant.**

No. 95,179.

Court of Civil Appeals of Oklahoma, Division No. 1.

Sept. 7, 2001.

## OPINION

ADAMS, Presiding Judge.

¶ 1 Plaintiffs/Appellees Michael Kerr and Susan Kerr (Appellees) sued Defendant/Appellant Monte England (Appellant), alleging he breached an escrow agreement by failing to provide driveway access to a tract of land purchased by them. Appellant appeals a judgment entered against him following a jury trial. However, before filing this appeal, Appellant filed a petition for protection under the United States Bankruptcy Code, and we are now required to consider whether this appeal should be stayed pending completion of the bankruptcy proceedings or an order lifting the automatic stay provided by 11 U.S.C. § 362(a)(1).[1]

¶ 2 There is a split of authority in the federal circuits about whether a debtor may file or pursue an appeal after having filed for bankruptcy protection. Appellant cites *Mason v. Oklahoma Turnpike Authority,* 115

---

1. The Oklahoma Supreme Court directed Appellant to show why this appeal should not be stayed. Appellant responded, citing authority from the Tenth Circuit which allows a debtor to proceed with an appeal after the filing of the bankruptcy petition. The appeal was then as-signed to this Court. No order was issued by the Supreme Court further addressing the stay issue prior to assignment. This Court issued an order allowing Appellees to respond to the Appellant's response, and Appellees have done so.

F.3d 1442 (10th Cir.1997), and *In re Lyngholm,* 24 F.3d 89 (10th Cir.1994), in support of the claim that a stay does not apply to the appeal of an adverse judgment by the debtor. Appellees distinguish the cited cases on their facts, and note that the majority of federal circuit courts have held the bankruptcy stay applies to appeals by the debtor and the creditor. The Tenth Circuit employs an analysis embraced by a minority of the federal circuit courts.

¶ 3 In *Mason v. Oklahoma Turnpike Authority,* 115 F.3d 1442, 1450 (10th Cir.1997), the Court held that "this circuit has held that [11 U.S.C.] § 362(a)(1) does not prevent a debtor from commencing or continuing" an appeal, citing *In re Lyngholm,* 24 F.3d 89, 91–92 (10th Cir.1994). The analysis in these cases is premised upon whether an appeal proceeding was initiated *by* a debtor or was initiated *against* the debtor.

¶ 4 The Second, Third, Fifth, Sixth, Seventh, Eighth, Ninth, and Eleventh Circuits interpret § 362(a)(1) as not authorizing the debtor to pursue non-bankruptcy court proceedings unless the stay is lifted by the bankruptcy court. In *In re Capgro Leasing Associates,* 169 B.R. 305 (E.D.N.Y.1994), the court noted the split of authority, and criticized the analysis employed by the Tenth Circuit, noting that the new Bankruptcy Act differed from the old regarding the ability of a debtor to waive protections. Citing House and Senate reports concerning the effect of a stay, the Court noted that the stay protects creditors, too, because it precludes certain creditors from acting to obtain payment from the debtor to the ultimate detriment of other creditors. Because the stay is not solely for the debtor's benefit, the Court reasoned, the debtor could not unilaterally waive the stay or limit the scope of the automatic stay. The Court noted that the minority analysis also relied upon Bankruptcy Rule 6009 to reach its result, but concluded that the analysis is faulty and that under a proper reading of the rule parties and the bankruptcy trustee must obtain relief from the automatic stay from the bankruptcy judge, after notice and a hearing.

¶ 5 Prior to the Tenth Circuit's decision in *Lyngholm,* the Oklahoma Supreme Court addressed the question of the effect of a state appeal by a debtor in bankruptcy in *Bailey v. Campbell,* 1991 OK 67, 862 P.2d 461. In *Bailey,* the Court cited *Association of St. Croix Condominium Owners v. St. Croix Hotel Corporation,* 682 F.2d 446 (3rd Circuit 1982), in which the federal court rejected an analysis based upon whether an appeal was by or against a debtor, noting that it would be unfair to allow the debtor to pursue an intermediate appeal while allowing a stay to prevent a creditor from pursuing the next level of appeal. In *Bailey,* the Court concluded that proceedings undertaken by the debtor after the filing of a petition for bankruptcy protection, whether in the trial court or on appeal, were "a nullity," 1991 OK 67, ¶ 13, 862 P.2d at 468, and that "[a]ll judicial proceedings undertaken after [the debtor] filed for bankruptcy are ineffectual." 1991 OK 67, ¶ 13, 862 P.2d at 469. Thus, the Supreme Court of Oklahoma previously adopted an analysis consistent with that espoused by the majority of the federal circuit courts but in conflict with that used by the Tenth Circuit.

¶ 6 Whether to defer to the Tenth Circuit in its interpretation of federal law is a matter of comity and voluntary deference. In *Akin v. Missouri Pacific Railroad Co.,* 1998 OK 102, ¶ 30, 977 P.2d 1040, 1052, the Court states:

In arriving at a decision for this case, we acknowledge that by virtue of the Supremacy Clause, we are bound by the decisions of the United States Supreme Court with respect to the federal Constitution and federal law, and we must pronounce rules of law that conform to extant Supreme Court jurisprudence. We also recognize that nothing in the concept of supremacy or in any other principle of law requires subordination of state courts to the inferior federal courts. Subject to decisions of the United States Supreme Court, state courts are free to promulgate judicial decisions grounded in their own interpretation of federal law. In this respect, the circuit courts of appeals and the state appellate courts are "co-ordinate courts," all equally subject to the supervisory authority of the United States Supreme Court. Nevertheless, while pronouncements on a federal-law question by an inferior federal court are not binding on us, we view them as highly persuasive. Ordinarily, as a matter

of comity, we follow Tenth Circuit jurisprudence on substantive federal law. The voluntary deference we pay to our circuit's pronouncements prevents federal law from being dichotomized within the State of Oklahoma into different bodies of legal norms—that applied in Oklahoma courts and that which governs federal courts sitting within this state. Our commitment to comity is founded on sound reasoning and we will not depart from it absent compelling reason. Such a reason exists where the Tenth Circuit interprets a Supreme Court decision in a way which we are convinced is erroneous and where to follow it would be to perpetuate error. Our independent obligation correctly to interpret Supreme Court decisions is of greater importance than the object, desirable as it is, of achieving harmony between state and federal courts within our state. (Footnotes omitted.)

¶ 7 This holding is consistent with the view that states may, for policy reasons, adopt interpretations of federal law different than those of the federal circuits until the federal law question is settled by the United States Supreme Court. As the Tenth Circuit itself stated, in *Bromley v. Crisp*, 561 F.2d 1351, 1354 (10th Cir.1977):

> We recognize that the State Courts are fully entitled to decide such federal questions when presented to them, as they have, and we have carefully considered their opinions on the retroactivity problem. We agree with the Oklahoma Court of Criminal Appeals in its view in *Dean v. Crisp*, [1975 OK CR 95, 536 P.2d 961], that the Oklahoma Courts may express their differing views on the retroactivity problem or similar federal questions until we are all guided by a binding decision of the Supreme Court. *See United States ex rel. Lawrence v. Woods*, 432 F.2d 1072 (7th Cir.), cert. denied, 402 U.S. 983, 91 S.Ct. 1658, 29 L.Ed.2d 148.

Because the interpretation of federal law by the Tenth Circuit is only entitled to deference, it is not precedent binding upon the courts of Oklahoma, and we need not determine whether the decisions in *Lyngholm* and *Mason* control over *Bailey*.

¶ 8 As the Oklahoma Supreme Court recognized in *Bailey*, the analysis articulated in *Association of St. Croix Condominium Owners v. St. Croix Hotel Corporation* of the applicability of a bankruptcy stay to an appeal filed by a debtor after the debtor has sought protection under the bankruptcy code addresses valid and real policy concerns which could arise with an adoption of the analysis used by the Tenth Circuit. We therefore reject the minority analysis employed in the Tenth Circuit decisions and follow the interpretation of federal law earlier adopted by the Oklahoma Supreme Court in *Bailey*. Accordingly, this appeal is stayed pending completion of the bankruptcy proceedings or receipt of an order from the United States Bankruptcy Court lifting the stay. Within thirty days after this opinion becomes final, Appellees shall provide a report advising the Court of the status of the bankruptcy proceedings.

APPEAL STAYED

JONES, J., and JOPLIN, J., concur.