*OAKWOOD ACCEPTANCE CORPORATION*
Plaintiff-Appellee
*vs.*
*Alfred TSINIGINI and Tamara Tsinigini*
Defendants-Appellants

In the Supreme Court of the Navajo Nation

No. SC-CV-49-02

April 23, 2003

R. Ruben Gallegos, Esq., Albuquerque, New Mexico, for Appellee.

Leo O'Neal, Esq., and Martin Avery, Esq., Gallup, New Mexico, for Appellants.

Before YAZZIE, Chief Justice, and KING-BEN and FERGUSON, Associate Justices.

Oakwood Acceptance Corporation (Oakwood) initially filed this case for repossession of a mobile home against Alfred and Tamara Tsinigini (the Tsiniginis). Oakwood prevailed at the trial court, and the Tsiniginis filed an appeal with this Court. Oakwood then notified this Court that it had filed, as a debtor, for bankruptcy under Chapter 11 in the U.S. Bankruptcy Court for the District of Delaware and claimed this appeal was automatically stayed by 11 U.S.C.A. § 362.

Realizing that applying the automatic bankruptcy stay to this case is questionable, on December 19, 2002, this Court requested additional briefing from the parties on the question. Although Oakwood failed to file a brief in support of the automatic stay, this Court is quite prepared to address this issue. While automatic stays under 11 U.S.C.A. § 362(a)(1) are a necessary element of the federal bankruptcy process, their application to cases brought *by* the bankruptcy debtor is highly questionable. Two issues must be resolved: (1) whether an automatic stay applies to suits *by* a bankruptcy debtor, and (2) whether a case on appeal continues to be a suit initiated by the plaintiff/bankruptcy debtor.

The Navajo Nation has no case law on the applicability of federal bankruptcy stays under 11 U.S.C.A. § 362. In setting precedent for the Navajo Nation, we are mindful that the Navajo Nation territorial jurisdiction extends into three states and two federal circuit courts (9th and 10th). In choosing uniform rules on these questions for the Navajo Nation, we consider trends in all federal circuits and select the rules most appropriate for Navajo Nation jurisdiction.

First, we agree with the majority of federal circuits that the automatic stay

does not apply to suits or claims brought *by* the debtor.[1] The Bankruptcy Reform Act of 1978 provides that the automatic stay only includes actions initiated *against* a debtor and is silent as to actions brought *by* a debtor. 11 U.S.C. § 362(a) (1). Federal courts looked to a Congressional House Report accompanying the Act which enacted the current provisions, and concluded that the stay was intended to protect bankruptcy debtors by giving them a breathing spell from the cost and confusion of defending against actions by creditors during bankruptcy, and to provide creditors with a fair and orderly process to receive payments on their claims.[2] These rationales do not bar a bankruptcy debtor from pursuing litigation during the bankruptcy where the debtor considers it to be in his or her best interest. We therefore adopt the rule that an automatic stay applies solely to actions *against* a bankruptcy debtor, and not to those initiated *by* a bankruptcy debtor.

On the second issue, we agree with a majority of federal circuits indicating that, for purposes of an automatic stay, an appeal does not change the character of the action as being initiated *by* or *against* the bankruptcy debtor.[3] Those circuits reasoned that whether a case is subject to an automatic stay should be determined at the case's inception and not at the stage of litigation where the filing for bankruptcy occurs. An oscillating application of a stay, depending on the stage of litigation, is unnecessarily complex and does not further the intent of Congress to protect bankruptcy debtors from the continuation of actions against them. Further, an oscillating stay would unfairly allow one party of a case to proceed with an appeal, but not the other. The Tenth Circuit has disagreed with the majority, citing Rule 6009 of the Federal Rules of Bankruptcy Procedure in its reasoning.[4] But we agree with the majority rule and will look to initial proceedings to determine whether a case is brought *against* the bankruptcy debtor.

1 *See In re Berry Estates, Inc.*, 812 F.2d 67 (2nd Cir. 1987), *Assoc. of St. Croix Condominium Owners v. St. Croix Hotel Corp.* 682 F.2d 446 (3rd Cir. 1982), *Freeman v. Commr. Of Internal Revenue*, 799 F.2d 1091 (5th Cir. 1986), *Cathey v. Johns-Manville Sales Corp.*, 711 F.2d 60 (6th Cir. 1983), *Martin-Trigona v. Champion Federal Savings and Loan Assoc.*, 892 F.2d 575 (7th Circ. 1989), *Farley v. Henson*, 2 F.3d 273 (8th Cir. 1993), *Delpit v. Commr. Internal Revenue Serv.*, 18 F.3d 768 (9th Cir. 1994), *In re Lyngholm*, 24 F.3d 89 (10th Cir. 1994), and *Carley Capital Group v. Fireman's Fund Ins. Co.*, 889 F.2d 1126 (D.C. Cir. 1989).

2 *See* H.R.Rep. No. 595, 95th Cong., 1st Sess. 340 (1977), reprinted in 1978 U.S.C.C.A.N. 5787.

3 *See Barbier v. Shearson Legman Hutton, Inc.*, 943 F.2d 249, 250 (2nd Cir. 1991), *Borman v. Raymark Indus.*, 946 F.2d 1031, 1036 (3rd Cir. 1991), *Marcus, Stowell & Beye Gov't Sec. Inc. v. Jefferson Invest. Corp.*, 797 F.2d 227, 230 n. 4 (5th Cir. 1986), *Cathey v. Johns-Manville Sales Corp.*, 711 F.2d 60, 62 (6th Cir. 1983), *Sheldon v. Munford Inc.*, 902 F.2d 7, 8 (7th Cir. 1990), *Farley v. Henson*, 2 F.3d 273, 274 (8th Cir. 1993), *Ingersoll-Rand Fin. Corp. v. Miller Mining Co.*, 817 F.2d 1424 (9th Cir. 1987), *Parker v. Bain*, 68 F.3d 1131 (9th Cir. 1995), and *Ellison v. Northwest Eng'g Co.*, 707 F.2d 1310 (11th Cir. 1983).

4 *In re Lyngholm*, 24 F.3d 89, 91-2 (10th Cir. 1994), and *Autoskill Inc. v. National Educ. Support Sys. Inc.*, 994 F.2d 1476, 1485-6 (10th Cir. 1993).

We hold that an automatic bankruptcy stay under 11 U.S.C. § 362 (a)(1) does not apply to suits *by* a debtor who has filed for bankruptcy and that a case on appeal to the Supreme Court of the Navajo Nation continues to be a suit initiated *by* the plaintiff/bankruptcy debtor. Therefore, this case is not automatically stayed and shall proceed on appeal for a determination on the merits.