**WAY ARCHITECTS, P.C., a Colorado professional corporation, Plaintiff–Appellee,**

v.

**ROCKRIMMON ELDERLY HOUSING LIMITED PARTNERSHIP, a Colorado limited partnership; Rockrimmon Family Housing Limited Partnership, a Colorado limited partnership; and Concorde Capital Corporation, Defendants–Appellants,**

**and**

**Descon Engineers, Inc., d/b/a RMG PC Engineers; and CTL Thompson, Inc., Defendants–Appellees.**

No. 04CA0300.

Colorado Court of Appeals, Div. IV.

June 16, 2005.

Certiorari Denied March 13, 2006.

White & Steele, P.C., Frederick W. Klann, Joseph R. King, Suzie B. Wasito, Denver, Colorado, for Plaintiff–Appellee.

Retherford, Mullen, Johnson & Bruce, LLC, Anthony A. Johnson, Colorado Springs, Colorado, for Defendants–Appellants.

§ 24–51–1105, C.R.S. 2004.

\* Sitting by assignment of the Chief Justice under provisions of Colo. Const. art. VI, § 5(3), and

Susemihl, McDermott & Cowan, P.C., C. David McDermott, Colorado Springs, Colorado, for Defendant–Appellee Descon Engineers, Inc.

Karsh, Fulton, Gabler & Joseph, P.C., Ivan M. Call, Denver, Colorado, for Defendant–Appellee CTL Thompson, Inc.

ROY, J.

In this breach of contract and mechanic's lien foreclosure action, defendants, Rockrimmon Elderly Housing Limited Partnership, Rockrimmon Family Housing Limited Partnership, and Concorde Capital Corporation (collectively owners), appeal the trial court's entry of default judgment against them and in favor of plaintiff, Way Architects, P.C. (architect), and dismissal of their counterclaims.

Defendant–Appellee Descon Engineers, Inc., d/b/a RMG PC Engineers, appears with interest parallel to architect; and CTL Thompson, Inc., appears and advises that it has settled with owners and that settlement will not be impacted by this appeal. These latter parties will not be mentioned further in the opinion. We stay the proceedings.

At the outset of the trial, architect moved to dismiss owners' counterclaims on the grounds that owners failed to file a certificate of review, endorse an expert, or participate in discovery. The trial court granted the motion and entered judgment in favor of architect on its claims. The court also granted architect's motion to dismiss owners' counterclaims on the ground that they had failed to comply with discovery orders. Owners appealed those rulings.

During the pendency of this appeal, owners filed for Chapter 11 bankruptcy protection in the United States Bankruptcy Court for the Southern District of Ohio. Soon thereafter, owners filed a Notice of Bankruptcy Filing in which they argued that the appeal should proceed despite the automatic stay imposed pursuant to 11 U.S.C. § 362(a)(1) (2004). Owners relied on *In re Lyngholm,* 24 F.3d 89 (10th Cir.1994).

Section 362(a)(1) provides that the filing of a bankruptcy petition operates as an automatic stay of proceedings if:

the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title.

According to owners, this appeal is not subject to the automatic stay provision of § 362 because they are "debtors in possession" and may proceed with this appeal pursuant to Bankruptcy Rule 6009, 11 U.S.C. §§ 1101(1) and 1107, and *In re Lyngholm, supra.* We disagree.

Rule 6009 of the Federal Rules of Bankruptcy Procedure provides: "With or without court approval, the trustee or debtor in possession may prosecute or may enter an appearance and defend any pending action or proceeding by or against the debtor, or commence and prosecute any action or proceeding in behalf of the estate before any tribunal."

The majority of federal circuit courts hold that the automatic stay provision of § 362 prevents a debtor from proceeding with an appeal where, as here, the original action was commenced against the debtor. *See In re Barbier,* 943 F.2d 249 (2d Cir.1991); *Borman v. Raymark Indus., Inc.,* 946 F.2d 1031 (3d Cir.1991); *Marcus, Stowell & Beye Gov't Sec., Inc. v. Jefferson Inv. Corp.,* 797 F.2d 227 (5th Cir.1986); *Cathey v. Johns–Manville Sales Corp.,* 711 F.2d 60 (6th Cir.1983); *Sheldon v. Munford, Inc.,* 902 F.2d 7 (7th Cir.1990); *Farley v. Henson,* 2 F.3d 273 (8th Cir.1993); *Parker v. Bain,* 68 F.3d 1131 (9th Cir.1995); *Ellison v. Northwest Eng'g Co.,* 707 F.2d 1310 (11th Cir.1983). The minority position, relying on the plain language of Rule 6009, reaches a contrary conclusion and permits a debtor's postpetition appeal of a nonbankruptcy decision to proceed despite the stay. *In re Lyngholm, supra.*

■ Owners argue that the minority position is more persuasive and urge us to follow *In re Lyngholm, supra,* and allow them to proceed with this appeal despite the automatic stay. Architect, however, asserts that Col-

orado law, *see McGuire v. Champion Fence & Constr., Inc.,* 104 P.3d 327 (Colo.App.2004), and the law of the Sixth Circuit where the bankruptcy was filed, *see Cathey v. Johns–Manville Sales Corp., supra,* require a stay of all contemporaneous claims and proceedings against the debtor. We agree with architect.

█ We note that neither federal supremacy nor any other federal law principle requires that a state court's interpretation of federal law yield to that of a federal court other than the United States Supreme Court. *Hill v. Thomas,* 973 P.2d 1246 (Colo.1999), *aff'd,* 530 U.S. 703, 120 S.Ct. 2480, 147 L.Ed.2d 597 (2000). We also note that the holdings of two other divisions of this court in *McGuire v. Champion Fence & Construction, Inc., supra,* and *Curragh Queensland Mining Limited v. Dresser Industries, Inc.,* 55 P.3d 235 (Colo.App.2002), do not address the precise issue before us.

In *In re Lyngholm, supra,* the creditor sued the debtor in state court to collect on two promissory notes. Following entry of a substantial judgment in favor of the creditor, the debtor appealed and filed for Chapter 11 bankruptcy. The debtor received permission from the bankruptcy court to retain counsel and pursue his appeal without obtaining a relief from the stay. A division of this court reversed and remanded the matter to the trial court with directions to value the creditor's claim. *Four Strong Winds, Inc. v. Lyngholm,* 826 P.2d 414 (Colo.App.1992). At this point, the creditor requested relief from the stay to permit the trial court to proceed. The bankruptcy court denied the request and, relying on the decision in *Four Strong Winds* it then evaluated the creditor's claim and concluded it had no value. The creditor appealed, arguing that the state court proceedings were invalid, because they violated the stay. The Tenth Circuit, relying on Rule 6009, held that a debtor who had filed a notice of appeal in a state court before filing a bankruptcy petition was free to prosecute the appeal as a debtor in possession and was not subject to the automatic stay provision of § 362.

The Sixth Circuit, in *Cathey v. Johns–Manville Sales Corp., supra,* held that the phrase "against the debtor" in § 362 refers to the status of the debtor at the initial stage of the proceedings, not the position of the debtor on appeal. The court relied upon the reasoning of the Third Circuit in *Association of St. Croix Condominium Owners v. St. Croix Hotel Corp.,* 682 F.2d 446 (3d Cir. 1982), in which the Third Circuit rejected, as inadequate and unfair, the "appellant-appellee" approach to determining whether an appeal is stayed under § 362. Reviewing the House Report accompanying the Bankruptcy Reform Act of 1978, the court determined that the scope of the automatic stay is broad and held that § 362 stays all appeals in proceedings that were originally brought against the debtor, regardless of whether the debtor is the appellant or the appellee.

An analysis of the history and purpose of Rule 6009 (formerly Bankruptcy Rule 610) appears in *In re Capgro Leasing Associates,* 169 B.R. 305 (Bankr.E.D.N.Y.1994), and has been relied upon by both the Ninth and the First Circuits. *See Parker v. Bain, supra; Simon v. Navon,* 116 F.3d 1 (1st Cir.1997). In *Capgro* the court concluded that, while Rule 6009 expressly authorizes a trustee with discretion to determine *whether* an action should be commenced, prosecuted, or defended, the legislative history indicates that § 362 properly gives ultimate authority to the bankruptcy judge to decide *when* to allow such an action to proceed. We are persuaded by this analysis, and we conclude that *In re Lyngholm, supra,* is not persuasive and decline to follow it. Thus, we conclude that these proceedings must be stayed under § 362.

In the interest of judicial economy, we conducted oral argument on both the bankruptcy issue and the merits. Therefore, in the event the stay is lifted or otherwise terminated, by whatever means, this case shall remain assigned to this division.

The appeal is stayed in accordance with this opinion.

Judge WEBB and Judge GRAHAM concur.